94 P.3d 1204 (2004)
Linda SVENDSEN, Plaintiff-Appellant,
v.
Walter G. ROBINSON, M.D., and Woodridge Orthopaedic and Spine Center, P.C., Defendants-Appellees.
No. 03CA0365.
Colorado Court of Appeals, Div IV.
March 25, 2004.
Certiorari Denied August 2, 2004.
*1205 Andrew T. Brake, P.C., Lee T. Judd, Englewood, Colorado, for Plaintiff-Appellant.
Pryor, Johnson, Montoya, Carney & Karr, P.C., Irving G. Johnson, Elizabeth C. Moran, Felice S. Haas, Greenwood Village, Colorado, for Defendants-Appellees.
Opinion by Judge GRAHAM.
Plaintiff, Linda Svendsen, appeals the order striking her expert witness and the summary judgment entered in favor of defendants, Walter G. Robinson, M.D. and Woodridge Orthopaedic and Spine Center, P.C., on her medical malpractice claim. We affirm.

I.
Plaintiff contends that the trial court erred in granting defendants' motion to strike her standard of care expert without affording her an opportunity to respond to the motion. We perceive no reversible error.
Defendants filed a motion to strike plaintiff's standard of care expert for failure to comply with C.R.C.P. 26. The court granted the motion before time had expired for plaintiff to file her response, and defendants then filed a motion for summary judgment. After receiving the court's order, plaintiff filed a motion for reconsideration and a response to *1206 defendants' motion to strike. The trial court set the matter for hearing. Before the hearing, plaintiff filed a supplement to her motion for reconsideration, a supplemental endorsement of her standard of care expert, and a response to defendants' motion for summary judgment.
At the hearing, plaintiff explained how her expert disclosures complied with C.R.C.P. 26, or alternatively, why noncompliance was substantially justified or harmless to defendants. After considering all the motions, the court upheld its order striking plaintiff's standard of care expert and entered summary judgment in favor of defendants.
We conclude that, although the court entered its order to strike prematurely, plaintiff was not prejudiced because she had an adequate opportunity to show why the motion should not have been granted. Any error was therefore harmless. See Ferrera v. Nielsen, 799 P.2d 458 (Colo.App.1990)(no error where plaintiff requested and received an opportunity to respond in its summary judgment order to the new issue raised by the trial court).

II.
Plaintiff next contends that the trial court improperly precluded the testimony of her expert witness under C.R.C.P. 37(c) for failure to comply with the disclosure requirements of C.R.C.P. 26(a)(2)(B)(I). We find no error.
The trial court concluded that: (1) plaintiff's failure to comply with C.R.C.P. 26(a)(2)(B)(I) precluded defendants from fully and effectively preparing for the expert's deposition; (2) plaintiff did not establish that the failure was harmless; (3) the preparation of this case was expensive, and any further delay enabling plaintiff to comply with all pretrial requirements would cause defendants to incur substantial duplicative costs and fees; (4) plaintiff was aware of the disclosure requirements and did not establish difficulty obtaining the information from the experts; and (5) there was no way to easily identify or, more importantly, locate the expert's prior testimony because the expert disclosures did not provide the jurisdiction, venue, or case numbers, nor was there information regarding where in the United States the listed parties and attorneys might be located.
We review the trial court's decision to preclude an expert witness for abuse of discretion. Carlson v. Ferris, 58 P.3d 1055 (Colo.App.2002), aff'd, 85 P.3d 504 (Colo.2003); Sheid v. Hewlett Packard, 826 P.2d 396 (Colo.App.1991).
Discovery obligations and the expert disclosure requirements of C.R.C.P. 26(a) are enforced by the sanction mechanisms of C.R.C.P. 37. C.R.C.P. 37(c) provides for the preclusion of nondisclosed evidence unless the nondisclosing party establishes that its failure to disclose was either substantially justified or harmless. Todd v. Bear Valley Vill. Apartments, 980 P.2d 973 (Colo.1999).
C.R.C.P. 26(a)(2)(B)(I) requires that witnesses retained to provide expert testimony submit a disclosure report containing, among other things, "a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." Failure to comply with this rule warrants precluding the expert's testimony. C.R.C.P. 37(c)(1); Carlson v. Ferris, supra.
The identification of cases in which an expert has previously expressed opinions should include, at a minimum, the name of the court or administrative agency where the testimony occurred, the names of the parties, the case number, and whether the testimony was by deposition or at trial. Carlson v. Ferris, supra.
Here, plaintiff's expert initially provided defendants with a "sales by customer" list that included the attorney's name and firm, the date of the testimony, the amount charged, and in some instances, the case name. The list also contained a numerical code, which, as the expert later explained during his deposition, identified whether it was arbitration or trial testimony. The list did not contain case numbers, the name of the court or agency, or the venue or state where the attorneys were located. Furthermore, this list only included testimony taken at trials and arbitrations, not at depositions.
Because of the insufficient disclosures, in connection with their notice of deposition sent to plaintiff's expert, defendants requested, *1207 among other things, "a listing of deposition and trial testimony expert has provided over the past four years." Defendants explained that plaintiff was required to provide this information under C.R.C.P. 26(a)(2)(B) and that it was included in the deposition notice because the expert endorsement was insufficient under Carlson v. Ferris, supra. Defendants stated that they would not require the expert to supply the additional information that was requested with the notice of deposition if the expert complied with C.R.C.P. 26 before his deposition. Defendants warned that if the proper disclosures were not made, they would file a motion to strike the expert witness.
Defendants were not given any information regarding the expert's prior deposition testimony until the day of his deposition in California. That deposition list, however, consisted only of the date and the attorney's name. Again, there was no case number, case name, court, or party name listed. This deposition list was never supplemented.
We agree with the trial court that the disclosures of the expert failed to meet the minimums of C.R.C.P. 26(a)(2)(B)(I) either in the initial or supplemental disclosures, and plaintiff provided no justification for the noncompliance. The expert had a list of the attorneys' names, as well as sufficient other information so that, with some diligent effort, he could have supplied the information required in C.R.C.P. 26. See Carlson v. Ferris, supra.
Nor was the failure to comply harmless. Failure to comply with the mandate of C.R.C.P. 26 is harmless when there is no prejudice to the party entitled to disclosure. The purpose of providing a list of prior cases is to enable opposing counsel to obtain prior testimony of the expert that may be relevant to the proposed testimony in the pending case and to enable a party to prepare for cross-examination at a deposition or a trial. Failure to disclose the information is not harmless as contemplated by the rules. Carlson v. Ferris, supra; see also Todd v. Bear Valley Vill. Apartments, supra (in evaluating harmlessness under C.R.C.P. 37(c), the inquiry is whether the failure to disclose the evidence in a timely fashion will prejudice the opposing party by denying that party an adequate opportunity to defend against the evidence).
Plaintiff contends that there was substantial compliance with the rule when the expert disclosed to defendants the case names, attorney names, firm names, and dates of prior testimony during his deposition. We disagree.
One purpose of C.R.C.P. 26 is to avoid having to take depositions in the interest of judicial economy and cost reduction. The burden was on plaintiff and her expert to furnish the required information in advance; it was not shifted to defendants to discover it by deposition. See Carlson v. Ferris, supra. Furthermore, although plaintiff supplemented some of the expert's listings by providing the venue and case name, the list was not updated until after the expert's deposition.
With the information supplied, defendants would be required to contact each of the attorneys listed and identify the cases. Of necessity, each attorney contacted would be required to cooperate by searching indexes and files to obtain the information and by providing such information in a timely manner. Although ultimately defendants might have obtained the information in those cases where the attorneys were sufficiently identified and cooperative, the burden was shifted from the disclosing party to the discovering party to identify the cases. To obtain the information that plaintiff is required to disclose, defendants were, and would be, required to expend substantial time and resources. See Nguyen v. IBP, Inc., 162 F.R.D. 675 (D.Kan.1995)(cooperation required of more than 100 attorneys who were not involved in the case).
We also reject plaintiff's contention that, before a court may preclude expert testimony under C.R.C.P. 37(c)(1), the court first must order compliance and then allow the nondisclosing party to correct the deficiencies. A C.R.C.P. 37 sanction is automatic and self-executing. Todd v. Bear Valley Vill. Apartments, supra; see also Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia, 248 F.3d 29 (1st Cir.2001)(a court order need not first be violated before the court may impose the sanction provided under *1208 Fed.R.Civ.P. 37(c)); Palmer v. Rhodes Mach., 187 F.R.D. 653, 657 (N.D.Okla.1999)(there is no "one warning" exception contemplated by Fed.R.Civ.P. 26(a)); Miller v. Rowtech, LLC, 3 P.3d 492 (Colo.App.2000)(a motion for sanctions filed by the opposing party is not a prerequisite to the imposition of the sanction).
Defendants warned plaintiff that her expert disclosures were deficient. Although plaintiff had several opportunities to supplement the expert's disclosures before the deposition, she failed to do so.
Finally, defendants' request for information beyond what is required by C.R.C.P. 26(a)(2)(B)(I) does not relieve the expert from disclosing information required by that rule.
Thus, we conclude that the trial court did not abuse its discretion in precluding the testimony of plaintiff's standard of care expert.

III.
We also reject plaintiff's contention that the trial court erred in granting summary judgment in favor of defendants.
We review a summary judgment de novo, using the same standards that govern the trial court's determination. Thus, we uphold summary judgment only if the pleadings and supporting documents demonstrate that there is no genuine issue for trial as to any material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); Aspen Wilderness Workshop, Inc. v. Colo. Water Conservation Bd., 901 P.2d 1251 (Colo.1995).
In a medical malpractice case, the burden is on the plaintiff to establish a prima facie case of negligence. To establish a prima facie case, the plaintiff must show that the defendant failed to conform to the standard of care. The standard of care in a medical malpractice action is measured by whether a reasonably careful physician in the same medical discipline as the defendant would have acted in the same manner as did the defendant in treating and caring for the plaintiff. Melville v. Southward, 791 P.2d 383 (Colo.1990).
Unless the subject matter of a medical malpractice action lies within the ambit of common knowledge or experience of ordinary persons, the plaintiff must establish the controlling standard of care, as well as the defendant's failure to adhere to that standard, by expert opinion testimony. Without expert opinion testimony in such cases, the trier of fact would be left with no standard at all against which to evaluate the defendant's conduct. Melville v. Southward, supra.
Here, once the testimony of plaintiff's standard of care expert was precluded, it could not be considered on summary judgment, and therefore, plaintiff was unable to demonstrate that a genuine issue of material fact existed to support her medical malpractice claim. Thus, summary judgment was proper.
The judgment and order are affirmed.
Judge CASEBOLT and Judge LOEB concur.