Carolyn A. RALEIGH, Kevin P. Raleigh, and Kevin C. Raleigh, Plaintiffs–Appellees and Cross–Appellants,

v.

PERFORMANCE PLUMBING AND HEATING, INC., a Colorado corporation, Defendant–Appellant and Cross–Appellee.

No. 02CA1076.

Colorado Court of Appeals, Div. III.

May 6, 2004.

Rehearing Denied Sept. 23, 2004.

Certiorari Granted April 11, 2005.

Jean E. Dubofsky, P.C., Jean E. Dubofsky, Boulder, Colorado; Fish & Coles, Kenneth R. Fish, Denver, Colorado; Burke & Neuwirth, P.C., Dean S. Neuwirth, Denver, Colorado, for Plaintiffs–Appellees and Cross–Appellants.

Harris Karstaedt Jamison & Powers, P.C., A. Peter Gregory, Englewood, Colorado; Hale Hackstaff Friesen, LLP, Richard A. Westfall, Denver, Colorado, for Defendant–Appellant and Cross–Appellee.

Opinion by Judge KAPELKE.

In this personal injury action for damages incurred in a car accident, defendant, Performance Plumbing & Heating, Inc., appeals from the judgment entered against it on a jury verdict awarding damages to plaintiffs Carolyn A. Raleigh and Kevin C. Raleigh on their negligent hiring claim and to plaintiff Kevin P. Raleigh on his claim for loss of consortium. By cross-appeal, plaintiffs challenge the trial court's denial of their motion for judgment notwithstanding the verdict (JNOV) on their vicarious liability claim against defendant. We affirm in part and reverse in part.

According to the evidence at trial, on September 15, 1997, a plumber (employee) employed by defendant, finished his workday and was driving home in his own truck when he collided with two cars stopped in the right-hand traffic lane of the road. Carolyn A. Raleigh and her son, Kevin C. Raleigh, were standing between their two parked cars adjusting a tow strap when employee's truck hit the back of the towed car, forcing it into the car in front. Both Carolyn and Kevin C. Raleigh sustained severe injuries as a result of the accident. As pertinent here, they asserted claims against defendant in this action for negligent hiring and for vicarious liability based on the conduct of employee.

Defendant moved for summary judgment on all the claims, and the trial court granted the motion. On appeal, a division of this court reversed the summary judgments on the negligent hiring and vicarious liability claims, concluding that genuine issues of material fact remained as to those claims. *Raleigh v. Performance Plumbing & Heating, Inc.*, (Colo.App. No. 99CA1887, Dec. 14, 2000)(not published pursuant to C.A.R. 35(f)).

At trial, on remand, the jury found for plaintiffs and awarded damages on their negligent hiring claim against defendant. The jury found for defendant, however, on the vicarious liability claim.

Plaintiffs filed a JNOV motion as to the judgment against them on their vicarious liability claim, and defendant filed a JNOV motion as to the judgment against it on the

negligent hiring claim. The trial court denied both motions.

## I. Negligent Hiring Claim

Defendant contends that the trial court erred in denying its JNOV motion on plaintiffs' negligent hiring claim. We agree.

The entry of a JNOV is appropriate only where "the evidence, when viewed in a light most favorable to the non-moving party, is such that no reasonable person could reach the same conclusion as the jury." *Williams v. Cont'l Airlines, Inc.,* 943 P.2d 10, 17 (Colo. App.1996). In considering the evidence, the court must draw every legitimate reasonable inference in favor of the party opposing the motion. *Nelson v. Hammon,* 802 P.2d 452, 454 (Colo.1990).

To succeed on a negligence claim, a plaintiff must establish that the defendant owed it a legal duty, that the defendant breached that duty, and that the defendant's breach caused the plaintiff's injuries. Whether a legal duty exists is a question of law and is determined based on a weighing of a multitude of factors, including the foreseeability of a risk of injury to others from the defendant's failure to act to prevent the injury, the social utility of the defendant's action, the magnitude of the burden of preventing the harm, and the practicality of placing such a burden on the defendant. *Connes v. Molalla Transp. Sys., Inc.,* 831 P.2d 1316, 1320 (Colo. 1992).

While the elements of duty, breach of duty, causation, and injury must be established to succeed in any tort action alleging negligence, the supreme court has specifically defined when an employer can be found liable for the tort of negligent hiring: "[L]iability is predicated on the employer's hiring of a person under circumstances antecedently giving the employer reason to believe that the person, by reason of some attribute of character or prior conduct, would create an undue risk of harm to others *in carrying out his or her employment responsibilities.*" *Connes v. Molalla Transp. Sys., Inc., supra,* 831 P.2d at 1321 (emphasis added).

### A. Duty

Because liability for negligent hiring is based on the employer's awareness of the applicant's character or prior conduct, the employer's duty to use reasonable care in hiring an employee includes a duty first to obtain information about the applicant. Where the employee will have minimum contact with the public, the employer need investigate the applicant's background no further than obtaining past employment information and personal data from an initial interview. However, in those cases where the employment duties require the employee to have frequent contact with the public or close contact with certain individuals as a result of the employer's special relationship with such persons, the employer has the duty independently to investigate the applicant's background. *Connes v. Molalla Transp. Sys., Inc., supra,* 831 P.2d at 1321, 1323 (holding that employer has no duty to investigate applicant's criminal record in hiring employee as long-haul truck driver).

Here, there was evidence that defendant knew at the time it hired employee that he would be driving a motor vehicle in the course and scope of his employment. Employee indicated on his job application that he had a valid driver's license and that he had not had any moving violations. He also submitted a photocopy of what appeared on its face to be a valid, unexpired driver's license. Unbeknownst to defendant, however, the driver's license had been suspended because he did not have automobile insurance when he was stopped for a moving violation. He had other moving violations, as well.

Although defendant had employee sign a consent form authorizing the release of his driving record, it did not check that record, which could have been obtained at a nominal cost. In these circumstances, the slight burden on defendant did not outweigh the social utility of conducting an inquiry into employee's driving record. Further, there was evidence that defendant's foreman, a longtime friend of employee, was aware of employee's prior moving violations and possibly even aware of his license suspension.

Sufficient evidence therefore existed for the trial court to determine that defendant had a duty to use reasonable care in hiring a safe driver who would not create an undue risk of harm to the public in performing his employment duties. *See Connes v. Molalla Transp. Sys., Inc., supra,* 831 P.2d at 1323.

### B. Breach of Duty

While the existence of a duty is a question of law, the issues of breach of duty and causation are generally questions for the jury. *Observatory Corp. v. Daly,* 780 P.2d 462, 466 (Colo.1989).

Here, to establish their negligent hiring claim, plaintiffs had the burden of showing that defendant breached its duty of reasonable care to the driving public by hiring an individual who had a suspended driver's license and prior moving violations.

It was undisputed that defendant did not obtain employee's driving record before hiring him. As the division recognized in the prior appeal, whether a review of employee's driving record was sufficient to give defendant reason to believe that employee posed an undue risk of harm to the driving public was a proper question for the jury. If defendant had become aware from review of the record that employee posed a risk of harm to the driving public, then its hiring of him would have been a breach of its duty to use reasonable care. On this record, there was sufficient evidence for the jury to find that defendant breached its duty to the driving public in hiring employee.

### C. Causation

Plaintiffs also had the burden of showing that defendant's breach of its duty to use reasonable care in making its hiring decision was the cause of their injuries.

The tort of negligent hiring is based on the principle that "a person *conducting an activity through employees* is subject to liability for harm resulting from negligent conduct 'in the employment of improper persons or instrumentalities in work involving risk of harm to others.'" *Connes v. Molalla Transp. Sys., Inc., supra,* 831 P.2d at 1320

(quoting Restatement (Second) of Agency § 213(b) (1958))(emphasis added).

The supreme court has recognized a distinction between a respondeat superior (or vicarious liability) claim and a negligent hiring claim:

> [T]he tort of negligent hiring addresses the risk created by exposing members of the public to a potentially dangerous individual, while the doctrine of *respondeat superior* is based on the theory that the employee is the agent or is acting for the employer. Therefore the scope of employment limitation on liability which is [a] part of the *respondeat superior* doctrine is not implicit in the wrong of negligent hiring.
>
> Accordingly, the negligent hiring theory has been used to impose liability in cases where the employee commits an intentional tort, an action almost invariably outside the scope of employment....

*Connes v. Molalla Transp. Sys., Inc., supra,* 831 P.2d at 1320–21 (quoting *Di Cosala v. Kay,* 91 N.J. 159, 450 A.2d 508, 515 (1982)).

■ Thus, an employer may be held liable for negligently hiring an employee even if the employee's conduct was intentional and, for that reason, outside the scope of employment. Indeed, the negligent hiring claim appears designed to address that very situation, where a vicarious liability claim would not be viable because the conduct was outside the scope of employment.

Nevertheless, there must be a showing that the negligent hiring was a cause of the plaintiff's injury. According to comment d of Restatement (Second) of Agency § 213, cited by the supreme court in *Connes, supra,* liability based on negligent hiring results "because the employer antecedently had reason to believe that an undue risk of harm would exist *because of the employment*" (emphasis added). *See also Hare v. Cole,* 25 S.W.3d 617, 621 (Mo.Ct.App.2000)(holding that although cases involving negligent hiring claims "do not specifically require that the employee's misconduct occur within the course and scope of the employment," where employee driver was involved in car accident, a finding that employee was acting within the

scope of his employment is required to hold the employer liable for negligent hiring).

In *Van Osdol v. Vogt*, 908 P.2d 1122, 1132 n. 17 (Colo.1996), the supreme court explained that the "claim of negligent hiring is brought after an employee has harmed a third party *through his or her office of employment*" (emphasis added). *See Bear Valley Church of Christ v. DeBose*, 928 P.2d 1315, 1323 (Colo.1996).

■ Thus, here, whether defendant's breach of the duty to check employee's driving record was the cause of plaintiffs' injuries depends on whether employee's conduct giving rise to the injuries had a relationship to the employment. *See Hare v. Cole, supra*, 25 S.W.3d at 621–22 ("It is logically necessary to draw a bright line separating on-duty driving from off-duty driving.... Otherwise, any employer who fails to check the license status of employees, and who knows that it is necessary that employees drive to and from work ... could face potential liability for negligent hiring....").

Here, as discussed, the evidence showed that at the time of the accident, employee was driving home from work in his personal truck that he used to travel to and from job sites during the workday.

Generally, an employee is not acting within the course and scope of employment when traveling from work to his or her home or other personal destination after completing the workday. *Beeson v. Kelran Constructors, Inc.*, 43 Colo.App. 505, 507, 608 P.2d 369, 371 (1979). However, an employee's travel to or from work is within the scope of employment if the travel is at the employer's express or implied request or if the travel benefits the employer beyond the sole fact of the employee's arrival at work. *Capra v. Tucker*, 857 P.2d 1346, 1348 (Colo.App.1993).

Here, without objection, the trial court instructed the jury in those terms on the issue of scope of employment in connection with the vicarious liability claim.

On a special verdict form, the jury answered "No" to the following question: "At the time of the collision on September 15, 1997, was [employee] acting within the scope of his employment with defendant Performance Plumbing and Heating, Inc.?"

Having specifically found that employee was not acting within the scope of his employment at the time of the accident, the jury had no logical basis to find that defendant's breach of its duty to use reasonable care in hiring employee was the cause of plaintiffs' injuries. In finding that employee was not acting within the scope of his employment when the accident occurred, the jury rejected the very factual basis for plaintiffs' assertion that defendant should be liable for negligent hiring: namely, that there was a sufficient employment nexus because employee's truck had been equipped with a pipe rack for defendant's benefit and contained work tools.

By specifically finding that employee was not acting within the scope of his employment, the jury necessarily found that his travel at the time of the accident was neither at the express or implied request of defendant nor for its benefit. Employee was therefore not "carrying out his employment responsibilities" when the accident occurred. Accordingly, no reasonable basis existed to support the jury verdict against defendant on plaintiffs' negligent hiring claim. *See Girard v. Trade Prof'ls, Inc.*, 50 F.Supp.2d 1050 (D.Kan.1999)(where electrician was involved in accident while driving home from work in his personal truck, which he also used as transportation to and from job sites, employer could not be liable under negligent hiring doctrine because employee was not within scope of his employment at time of accident), *aff'd*, 13 Fed. Appx. 865, 2001 WL 791808 (10th Cir.2001).

Accordingly, in light of the jury's express finding that employee was not acting within the scope of his employment at the time of the accident, we conclude that the trial court erred in denying defendant's motion for JNOV on the negligent hiring claim.

## II. Vicarious Liability Claim

Plaintiffs contend on cross-appeal that the trial court erred in denying their motion for JNOV on their claim that defendant was vicariously liable based on principles of respondeat superior. We reject the contention.

To impose respondeat superior liability on an employer for an employee's acts, the plaintiff must show that an employer-employee relationship existed and that the acts occurred in the course and scope of the employee's employment. *Pediatric Neurosurgery, P.C. v. Russell,* 44 P.3d 1063, 1070 (Colo.2002).

Where there is conflicting evidence regarding whether an employee's act occurred within the scope of employment, the issue involves questions of material fact which should be submitted to the jury. *See Lytle v. Kite,* 728 P.2d 305, 310 (Colo.1986)(whether employee was acting within scope of employment when driving from home to service station in truck used for work involved question of material fact for the jury).

As discussed, a JNOV may be entered only if the evidence shows that "no reasonable person could reach the same conclusion as the jury." *Williams v. Cont'l Airlines, Inc., supra,* 943 P.2d at 17. Here, the mere fact that employee's truck was equipped with a pipe rack used in defendant's work and contained work tools did not establish as a matter of law that employee was acting within the scope of his employment while driving home from work. Thus, there was a reasonable basis for the jury's determination to the contrary.

Accordingly, we reject plaintiffs' contention that the trial court erred in denying their motion for JNOV on their respondeat superior claim.

The judgment for plaintiffs on the negligent hiring claim is reversed, and the judgment for defendant on the vicarious liability claim is affirmed.

Judge ROY and Judge CARPARELLI concur.