Keith D. WHITE, Plaintiff–Appellant,

v.

Louis E. JUNGBAUER, an individual; Robert Dolin, an individual; and Yaeger, Jungbauer, Barczak, Roe & Vucinovich, PLC, a foreign corporation, Defendants–Appellees.

No. 04CA0151.

Colorado Court of Appeals, Division I.

June 2, 2005.

Rehearing Denied July 21, 2005.

Certiorari Denied Feb. 6, 2006.

Richard K. Rufner, Denver, Colorado, Daniel A. Brittsan, Denver, Colorado, for Plaintiff–Appellant.

Kennedy Christopher Childs & Fogg, P.C., Ronald H. Nemirow, Sandy M. Eloranto, Denver, Colorado, for Defendant–Appellees.

Opinion by Judge HAWTHORNE.

In this legal malpractice action, plaintiff, Keith D. White, appeals the trial court's summary judgment in favor of defendants, Louis E. Jungbauer; Robert Dolan; and Yaeger, Jungbauer, Barczak, Roe & Vucinovich, PLC. We reverse and remand for further proceedings.

Defendants represented plaintiff in his Federal Employers' Liability Act claim against his railroad employer. Plaintiff sued his employer for injuries he suffered when he fell during a blizzard. On the morning of the second day of trial, defendants advised plaintiff to settle with his employer for $350,000, which he did. Approximately two years after the settlement, plaintiff sued defendants, claiming that they had failed to prepare him adequately for his testimony, failed to subpoena medical expert witnesses properly to present testimony substantiating his damage claims, and failed to analyze his claims adequately so as to advise him properly of the value of his claims.

In response, defendants moved for summary judgment, setting forth undisputed

facts which they argued entitled them to judgment as a matter of law, and supporting their motion with nine exhibits reflecting an absence of material fact. Plaintiff responded with an affidavit of his own and an undated letter purporting to be an expert report concluding that defendants' conduct fell below the standard of care for reasonably competent attorneys under the same or similar circumstances. The trial court concluded that plaintiff's affidavit and the expert opinion were largely conclusory and determined that summary judgment was appropriate. This appeal followed.

## I.

Plaintiff contends that the trial court erred when it granted defendants' motion for summary judgment. We agree.

We review de novo a grant of summary judgment. Summary judgment is proper only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. We view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor. *Friedland v. Travelers Indem. Co.*, 105 P.3d 639, 643 (Colo.2005); *Luttgen v. Fischer*, 107 P.3d 1152, 1154–55 (Colo.App.2005).

The moving party bears the burden of showing that no genuine issue of material fact exists and it is entitled to judgment as a matter of law. *Cont'l Air Lines v. Keenan*, 731 P.2d 708, 712 (Colo.1987); *Seal v. Hart,* 755 P.2d 462, 464 (Colo.App.1988).

█ Once the moving party has shown the absence of a genuine issue of material fact, the burden shifts, and the nonmoving party must adequately demonstrate that a real controversy exists by admissible evidence. Expert affidavits may be used to support or resist a motion for summary judgment. However, affidavits containing mere conclusions are insufficient to satisfy the burden of showing the existence or absence of a genuine issue of material fact. *Ginter v. Palmer & Co.*, 196 Colo. 203, 206–07, 585 P.2d 583, 585 (1978); *Norton v. Dartmouth Skis, Inc.*, 147 Colo. 436, 440, 364 P.2d 866, 867 (1961);

*Smith v. Mehaffy*, 30 P.3d 727, 730 (Colo. App.2000).

Where the moving party does not bear the ultimate burden of persuasion at trial, it can meet its initial burden of production by showing that there is an absence of evidence in the record to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 332, 106 S.Ct. 2548, 2557, 91 L.Ed.2d 265 (1986); *Cont'l Air Lines, Inc. v. Keenan*, supra, 731 P.2d at 712.

We must resolve all doubts as to whether an issue of fact exists against the moving party. Further, even where it is extremely doubtful that a genuine issue of material fact exists, summary judgment is not appropriate. *Mancuso v. United Bank*, 818 P.2d 732, 736 (Colo. 1991).

█ To recover for professional negligence, a plaintiff must show that the professional breached a duty of care owed to the plaintiff and thereby caused the plaintiff to suffer damages. Except in cases where the subject matter of a professional negligence claim lies within the ambit of common knowledge of ordinary persons, expert testimony is necessary to establish the standards of acceptable professional conduct, the deviation from which would constitute professional malpractice. *Svendsen v. Robinson*, 94 P.3d 1204, 1208 (Colo.App.2004); *McCafferty v. Musat*, 817 P.2d 1039, 1043–44 (Colo.App. 1990).

### A.

Here, defendants argue that plaintiff's claims are barred by public policy considerations which encourage settlement. In particular, they rely on *Muhammad v. Strassburger, McKenna, Messer, Shilobod & Gutnick*, 526 Pa. 541, 587 A.2d 1346 (1991). In *Muhammad*, the Pennsylvania Supreme Court held that public policy considerations, including judicial economy, encouraging settlement, and encouraging finality of judgments, barred legal malpractice suits where the parties to the underlying suit settled, unless counsel in the underlying litigation had fraudulently obtained the client's consent to the settlement. In particular, the supreme court

noted that where "the lawyer *knowingly* commits malpractice, but does not disclose the error and convinces the client to settle so as to avoid the discovery of such error, then the client's agreement was fraudulently obtained." *Muhammad v. Strassburger, McKenna, Messer, Shilobod & Gutnick, supra,* 526 Pa. at 552, 587 A.2d at 1351.

However, "most courts expressly have refused to accept *Muhammad* or broadly protect lawyers from allegations of negligence." 4 Ronald E. Mallen & Jeffrey M. Smith, *Legal Malpractice* § 30.41 (5th Ed.2000). Indeed, two justices of the Pennsylvania Supreme Court wrote a spirited dissent to the majority's opinion in *Muhammad.* Further, in *McMahon v. Shea,* 547 Pa. 124, 688 A.2d 1179 (1997), the same court limited the holding in *Muhammad* to its facts. As in *McMahon,* the plaintiff here does not primarily challenge defendants' professional judgment regarding the amount to be accepted in settlement of the claim, but rather, defendants' failure to have witnesses subpoenaed for trial and to have prepared plaintiff properly to testify.

Although defendants are unable to point to any Colorado case in which the rule of *Muhammad* has been adopted or applied, they argue that it is the law in Colorado because the Colorado Supreme Court cited *Muhammad* in *Stone v. Satriana,* 41 P.3d 705 (Colo. 2002). However, the supreme court did not adopt *Muhammad* in its entirety. Instead, it cited *Muhammad* for the proposition that "[l]itigation is too uncertain and costly to impose" a duty to appeal from an adverse ruling as a way of mitigating damages. *Stone v. Satriana, supra* 41 P.3d at 712.

Colorado courts have long recognized the important public policy in favor of settlement identified by the Pennsylvania Supreme Court. *See e.g., Copper Mountain, Inc. v. Poma of Am., Inc.,* 890 P.2d 100, 106 (Colo. 1995); *Davis v. Flatiron Materials Co.,* 182 Colo. 65, 71–72, 511 P.2d 28, 32 (1973). We are not persuaded that fear of malpractice suits will make lawyers reluctant to settle cases, nor are we persuaded that prohibition of such suits in settled cases is necessary to encourage settlements.

Malpractice lawsuits arising out of settlement have proceeded before Colorado courts in the past, and we see no reason to bar such suits at this time. *See Keefe v. Kirschenbaum & Kirschenbaum, P.C.,* 40 P.3d 1267, 1269–70 (Colo.2002) (malpractice suit against attorneys where underlying suit settled); *McCafferty v. Musat, supra,* 817 P.2d at 1040–42 (partially affirming jury verdict in favor of plaintiff in malpractice suit where alleged malpractice was based on attorneys' "recommending settlement before adequately pursuing discovery").

In addition, at least one other factor militates against adopting *Muhammad*'s bar on malpractice suits after settlement. Proof of professional negligence requires expert testimony. *Svendsen v. Robinson, supra; McCafferty v. Musat, supra,* 817 P.2d at 1043–44. Litigants with no legal experience may reasonably decide that settlement of a valid claim is the only viable option because they were unaware that the claim had been compromised by their attorney's negligence.

Accordingly, we reject the holding of *Muhammad* urged by defendants, and hold that a litigant may bring a legal malpractice suit against his or her attorney even though the underlying action settled. We now turn to the merits of defendants' summary judgment motion.

### B.

In their motion for summary judgment, defendants set forth several undisputed facts. Summarized briefly, these facts showed that plaintiff retained defendants after being injured on the job. Defendants advised plaintiff that his case had certain weaknesses of which they were aware. At trial, plaintiff gave testimony that was harmful to his case. On the second day of trial, plaintiff agreed to settle his case within the settlement range recommend by defendants. Two years after settling, plaintiff sued his attorneys, alleging that they had negligently prepared his case for trial. He also alleged that he settled because defendants left him no other choice.

Taking the evidence in the light most favorable to plaintiff, defendants have, at best,

showed that plaintiff was not coerced into settling his case. However, coercion is not an element of legal malpractice. Facts indicating the lack of coercion are irrelevant to the question of whether defendants' conduct constituted legal malpractice.

Defendants acknowledge that plaintiff's case stands or falls on negligence, and they argue that even if we decide that plaintiff did not have to show that he was coerced into settling, the trial court's summary judgment ruling should be affirmed because plaintiff did not have any expert testimony to support his malpractice claim. We are not convinced.

As part of plaintiff's response to defendants' motion for summary judgment, plaintiff submitted a letter from his expert witness setting forth the opinion that defendants had negligently handled plaintiff's case. Although the letter was not in the form of an affidavit, the trial court did not strike it. Instead, it considered it in making its ruling on defendants' motion for summary judgment and ultimately found that it was conclusory. Because the trial court considered the letter, we will do so here.

A conclusory opinion is one that is unsupported by any evidence. *See Satter v. City of Littleton*, 185 Colo. 90, 97, 522 P.2d 95, 98 (1974).

The letter from plaintiff's expert indicated that he had reviewed plaintiff's deposition exhibits and defendants' motion for summary judgment and supporting brief. In addition, the letter set forth twelve facts that plaintiff's counsel asked the expert to assume were true. Based on the deposition evidence, the facts included in defendants' motion, and the assumed facts, plaintiffs' expert concluded that defendants had negligently handed plaintiffs' case. Therefore, the letter was not conclusory and demonstrated that a genuine issue of material fact existed as to defendants' alleged negligence. Accordingly, entry of summary judgment was not appropriate.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

## II.

We decline to address defendants' remaining arguments because they have not yet been addressed by the trial court. Further, because we reverse the summary judgment, we deny defendants' motion for attorney fees.

The judgment is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

Judge MARQUEZ and Judge HUME concur*.