**Laurence WOZNICKI, Plaintiff–Appellee,**

v.

**John D. MUSICK, Jr., and W/J Ranch, Inc., Defendants–Appellants.**

**No. 03CA2505.**

Colorado Court of Appeals.
Division I.

April 7, 2005.

Certiorari Granted Sept. 6, 2005.

Stevens Littman Biddison Tharp & Weinberg, LLC, Mark E. Biddison, Boulder, Colorado, for Plaintiff–Appellee.

Appel & Lucas, P.C., Garry R. Appel, Denver, Colorado, for Defendants–Appellants.

PICCONE, J.

Defendants, John D. Musick, Jr., and W/J Ranch, Inc., appeal the judgment entered upon a jury verdict for plaintiff, Laurence Woznicki. We affirm.

This case involves a number of parties, two separate lawsuits, and several interwoven cross-claims. The trial court split its determination of the case into five phases. This is the appeal of Phase I, the forcible entry and detainer (FED) action.

Musick was president of W/J Ranch. W/J Ranch and Musick entered into a contract to buy and sell real estate with Woznicki whereby W/J Ranch and Musick would sell and Woznicki would purchase the property located at 150 Bullwinkle Circle in Aspen. The

contract was summarized in the "W/J Deal Summary," which stated that W/J Ranch was selling the property to Woznicki; W/J Ranch had an option to repurchase the property from Woznicki within eighteen months of the sale; and the property was leased to W/J Ranch for up to eighteen months following the sale. The transaction was referenced as a sale in the W/J Deal Summary.

Title to the property was transferred from W/J Ranch to Woznicki. W/J Ranch did not exercise its option to repurchase the property, and following the expiration of the lease, W/J Ranch and Musick remained in possession despite Woznicki's demand that they vacate the property and deliver possession to him. Since the expiration of the lease, neither W/J Ranch nor Musick has paid rent to Woznicki. Woznicki brought this FED action against W/J Ranch and Musick.

The issues before the jury were whether the transaction between W/J Ranch and Musick and Woznicki was an equitable mortgage or a sale of property, or stated differently, who is the lawful owner of the property; who was entitled to possession of the property; and whether Woznicki was entitled to damages from W/J Ranch and Musick in the form of rent for the time during which they unlawfully detained the property.

The jury found that Woznicki was the lawful owner of the property; W/J Ranch and Musick unlawfully detained the property for thirty-one months; and Woznicki was entitled to damages for that period. This appeal followed.

## I. Judgment Notwithstanding the Verdict

W/J Ranch and Musick contend the trial court erred in denying their motion for judgment notwithstanding the verdict (JNOV). We disagree.

C.R.C.P. 59(e) states in relevant part:

A judgment notwithstanding verdict may be granted for either of the following grounds:

(1) Insufficiency of evidence as a matter of law; or

(2) No genuine issue as to any material fact and the moving party being entitled to judgment as a matter of law.

See *Bigby v. Big 3 Supply Co.*, 937 P.2d 794 (Colo.App.1996).

When the motion for JNOV challenges the sufficiency of the evidence to support a verdict, it may be entered only if, after viewing the evidence and the inferences from it in the light most favorable to the nonmoving party, reasonable persons could not reach the same conclusion as the jury reached. *Boulder Valley Sch. Dist. R–2 v. Price*, 805 P.2d 1085, 1088 (Colo.1991), *overruled in part by Cmty. Hosp. v. Fail*, 969 P.2d 667 (Colo.1998); *Nelson v. Hammon*, 802 P.2d 452, 454 (Colo.1990); *Raleigh v. Performance Plumbing & Heating, Inc.*, 109 P.3d 978 (Colo.App. No. 02CA1076, 2004 WL 963817, May 6, 2004).

When reviewing a trial court's decision on a motion for JNOV, we must view the evidence in the light most favorable to the nonmoving party and must draw every reasonable inference that may legitimately be drawn from the evidence in favor of that party. *Nelson, supra,* 802 P.2d at 454.

### A. Equitable Mortgage

We reject W/J Ranch and Musick's contention that their affirmative defense of equitable mortgage was established as a matter of law.

Section 38–35–117, C.R.S.2004, Colorado's statute governing equitable mortgages, states:

Mortgages, trust deeds, or other instruments intended to secure the payment of an obligation affecting title to or an interest in real property shall not be deemed a conveyance, regardless of its terms, so as to enable the owner of the obligation secured to recover possession of real property without foreclosure and sale, but the same shall be deemed a lien.

The intention of the parties and the true nature of the transaction govern whether a transaction is an equitable mortgage or a conveyance. *Rocky Mountain Gold Mines v. Gold, Silver & Tungsten*, 104 Colo. 478, 93 P.2d 973 (1939). "The character of the transaction is fixed at its inception and is what the intention of the parties makes it. The form

of the transaction and the circumstances attending it are the means of finding out the intention." *Taylor v. Briggs,* 99 Colo. 89, 98–99, 60 P.2d 1081, 1085 (1936) (quoting 1 *Jones on Mortgages* § 314, at 380–81 (8th ed.)).

■ Whatever the form of the contract, if the parties intend to create a security interest in real property, the contract gives rise to an equitable mortgage. *Griffin v. United Bank,* 40 Colo.App. 513, 580 P.2d 818 (1978), *aff'd,* 198 Colo. 239, 599 P.2d 866 (1979); *see Crosby v. Gateway Motel, Inc.,* 163 Colo. 384, 431 P.2d 23 (1967); *Rocky Mountain Gold Mines, supra.*

Intent may be inferred from the "totality of the circumstances surrounding the transaction." Restatement (Third) of Property: Mortgages § 3.2 cmt. e (1997). In this determination, the parol evidence rule "is usually deemed inapplicable ... on the theory that the absolute deed was not intended to embody the complete agreement of the parties. Thus the oral agreement merely supplements the deed concerning a matter with which the latter did not purport to deal." Restatement, *supra,* § 3.2 cmt. c; *see, e.g., Ver Straten v. Worth,* 79 Colo. 30, 243 P. 1104 (1926)(oral testimony may be admitted concerning the true nature of the transaction); *Baird v. Baird,* 48 Colo. 506, 517, 111 P. 79, 82 (1910) (suggesting that court must look outside of document in deciding whether a transaction amounts to an equitable mortgage); *see also Taylor, supra,* 99 Colo. at 99, 60 P.2d at 1085 (quoting 1 *Jones, supra,* § 340, at 425: "It is a settled rule and practice of courts of equity to set aside a formal deed ... upon proof, even by parol evidence, that the conveyance was not a sale, but merely a security for a debt, and therefore a mortgage.").

Relevant factors which may be considered when determining whether a transaction is a sale or an equitable mortgage include the existence of a debt, the relationship between the parties, the availability of legal advice, the sophistication and circumstances of the parties, the adequacy of consideration, and the possession of the property. *See* 12 *Thompson on Real Property* § 101.08, at 503 (D. Thomas ed.1994); *see also* Restatement, *supra,* § 3.2 (intent may be inferred from,

inter alia, statements of the parties). No one factor is determinative. *See* Restatement, *supra,* § 3.2 cmt e.

Several Colorado cases, decided prior to the enactment of § 38–35–117, discuss factors that may be considered when determining whether a transaction is a sale or an equitable mortgage. These factors include the value of the property, *see Taylor, supra;* whether the "seller" remained in possession of the property, *see Ver Straten, supra;* and whether there was a covenant to reconvey, *see Baird, supra,* 48 Colo. at 517, 111 P. at 82 (covenant to reconvey may be one factor showing that the parties intended the deed to operate as a mortgage, but, "standing alone, it is not sufficient to work that result").

Woznicki presented evidence including the contract to buy and sell real estate; the W/J deal summary; a deed to him from W/J Ranch; a deed of trust from him to UFMC; a fax from Musick to Khoshabe regarding "sale Parcel II"; and a fax from Musick to Carmichael regarding the contract to buy and sell real estate. These documents classified the transaction as a sale. Viewing this evidence in the light most favorable to Woznicki, and drawing every reasonable inference in his favor, we conclude the jury could reasonably determine that the transaction was a sale, not an equitable mortgage.

Further, the facts regarding whether the parties intended to create a mortgage were disputed. At trial Woznicki testified that he understood the transaction to be a sale, and the evidence included numerous documents characterizing the transaction as a sale. W/J Ranch and Musick urged that the parties did not intend the transaction to be a sale despite the language in the documents and that, in their view, such language was immaterial. Therefore, a determination as a matter of law could not be made.

### B. Unlawful Detainer

■ W/J Ranch and Musick contend § 13–40–104(1)(c), C.R.S.2004, which defines unlawful detention as occurring when a tenant holds over, does not apply as a matter of law. Specifically, they assert they were in lawful possession of the property because the term

of W/J Ranch's lease had not yet expired when Woznicki filed this lawsuit. They also contend there was insufficient evidence to support the verdict on Woznicki's unlawful detainer claim. We disagree with both contentions.

As an initial matter, Woznicki argues W/J Ranch and Musick's objections were not raised in the trial court. However, the record demonstrates that W/J Ranch and Musick made a specific, contemporaneous objection to the unlawful detainer claim instruction before it was given to the jury "for the reasons indicated in our motion for directed verdict." We conclude W/J Ranch and Musick preserved this issue for appeal.

Under the W/J Deal Summary, W/J Ranch was to "quit possession of the property upon the date of the sale closing or the expiration of the 18 month period, whichever is earlier."

Musick admitted that W/J Ranch was in possession of the premises and he resided there after the expiration of the lease. According to Musick, he was still residing at 150 Bullwinkle at the time of the trial. By the time W/J Ranch and Musick moved for a directed verdict, they had been in possession of the property well beyond the eighteen-month period.

W/J Ranch and Musick have cited no authority, and we are aware of none, in support of their argument. Contrary to W/J Ranch and Musick's argument, § 13–40–104(1)(c) does not specify the timeframe in which an unlawful detention action may be filed. Section 13–40–104(1)(c) sets forth circumstances in which a party may "be guilty" of unlawful detention, and nothing more. We will not read a requirement into the statute that has not been set forth.

Further, viewing this evidence in the light most favorable to Woznicki, we determine that the jury could have reasonably concluded that W/J Ranch and Musick had unlawfully detained the property. See Boulder Valley Sch. Dist., supra; see also Huntoon v. TCI Cablevision of Colo., Inc., 969 P.2d 681 (Colo.1998)(standard for an appellate court deciding a challenge to the sufficiency of the evidence is the same as trial court's standard in deciding whether to direct a verdict or grant a JNOV).

Accordingly this contention fails.

## C. Damages

W/J Ranch and Musick also contend there was insufficient evidence to establish the reasonable rental value of the property. We are not persuaded.

■ In an unlawful detainer action, damages may be recovered against the party who unlawfully detained the property. Strauss v. Boatright, 160 Colo. 581, 587, 418 P.2d 878, 881 (1966). It is "well settled that the measure of such damages is the reasonable rental value for the time that possession was wrongfully withheld." Strauss, supra, 160 Colo. at 587, 418 P.2d at 881.

■ Woznicki testified, and the W/J Deal Summary provided, that the contract rent for the property was $28,000 per month. This was the amount of the monthly payments that W/J Ranch and Musick had prepaid pursuant to the W/J Deal Summary. Musick testified that the property was in serious disrepair and was the "remodel project from hell" and that its reasonable rental value was nowhere near $28,000 per month. Counsel for W/J Ranch and Musick argued to the jury that the rental value of the property was less than $1,000 per month. The jury awarded Woznicki $7,500 per month on the unlawful detainer claim.

Relying on Strauss, supra, and Grombone v. Krekel, 754 P.2d 777 (Colo.App.1988), W/J Ranch and Musick argue that evidence of the rent reserved in the lease, namely, the $28,000 figure contained in the W/J Deal Summary, is not sufficient to establish reasonable rental value. This argument ignores Woznicki's testimony and is premised on an overly broad reading of Strauss and Grombone.

In Strauss, there was evidence that the tenant failed to pay the contract rent amount of $250 per month. Because the trial court had not awarded any rent to the owner, the supreme court remanded the case for a hearing to determine the reasonable rental value of the property.

In *Grombone*, the trial court awarded the owner the full contract value owed by the tenant, even though the owner had sought damages for unlawful detainer, not contract damages. Thus, the division remanded the issue of damages to the trial court to determine the reasonable rental value.

*Strauss* and *Grombone* do not stand for the proposition that the contract rent cannot constitute some evidence of the reasonable rental value of a given property. *See Didamo v. Tyrol Sport Arms Co.*, 680 P.2d 1328, 1330 (Colo.App.1984) (in the absence of evidence as to reasonable rental value, the trial court properly used rental payments set forth in the lease in assessing postjudgment damages in the FED action).

Accordingly, we conclude the trial court was correct in denying W/J Ranch and Musick's motion for judgment notwithstanding the verdict.

## II. Jury Instruction

■ W/J Ranch and Musick assert the instruction to the jury on their equitable mortgage affirmative defense was improper and that the trial court erred in not accepting their proposed instruction. We are not persuaded.

■ The trial court has discretion to determine the form and style of the instructions to be given to the jury. We will not overturn a trial court's decision on a jury instruction absent an abuse of discretion. An abuse of discretion occurs when the trial court's decision is manifestly arbitrary, unreasonable, or unfair. *Williams v. Chrysler Ins. Co.*, 928 P.2d 1375, 1377–78 (Colo.App. 1996).

■ If an instruction misleads or confuses the jury, it amounts to error. However, language in a jury instruction cannot constitute grounds for reversal unless it prejudices the substantial rights of a party. "Prejudicial error in an instruction exists when the record shows that a jury might have answered differently if a proper instruction had been given." *Williams, supra*, 928 P.2d at 1378.

■ Jury instructions must be read and considered together. If, collectively, they properly inform the jury of the law, no reversible error can be found. *Williams, supra.*

When there are no Colorado pattern jury instructions on a particular subject, "the court shall instruct the jury as to the prevailing law applicable to the evidence in a manner which is clear, unambiguous, impartial and free from argument." C.R.C.P. 51.1(2).

Instruction No. 17 given to the jury on the equitable mortgage affirmative defense states:

The Plaintiff, Lawrence Woznicki, is not entitled to possession of the premises and cannot recover on his claim for unlawful detention if the Defendants, John Musick and W/J Ranch, prove their affirmative defense that the instruments between W/J Ranch and Mr. Woznicki were an equitable mortgage.

Instruments intended to secure payment of an obligation affecting either title to real property or an interest in real property are not deemed to be a conveyance, regardless of what they say, but are deemed to be a lien and are therefore an equitable mortgage. The person who received the instrument in those circumstances is not entitled to recover possession of the real property without foreclosure and sale. Therefore, the fact that Plaintiff received a deed to the property from W/J Ranch, Inc. does not end the inquiry.

If you find the instruments between W/J Ranch and Lawrence Woznicki were an equitable mortgage, then your verdict must be for the Defendants, John Musick and W/J Ranch, Inc.

The jury also was instructed in Instruction No. 11 that "[i]n determining the intent of the parties you may consider their conduct, statements and writings."

The parties agree the trial court's instruction on the equitable mortgage defense tracked the statutory language of § 38–35–117. Nonetheless, relying on *Rice v. Wood*, 82 N.C.App. 318, 346 S.E.2d 205 (1986), W/J Ranch and Musick argue the instruction given was erroneous because it failed to list the

factors the jury could take into account in deciding whether the transaction was an equitable mortgage. We reject this argument.

The jury instruction used by the trial court in *Rice* is different from the instruction given here. In *Rice,* the instruction identified three factors the jury should consider in determining whether the transaction was an equitable mortgage. The North Carolina Court of Appeals determined that the trial court committed prejudicial error because the instruction omitted "a critical factor" for the jury's consideration—"the crucial requirement of the creation and continued existence of a debt." *Rice v. Wood, supra,* 346 S.E.2d at 211–12. In light of the omitted "critical factor," the jury may have been misled. *Rice v. Wood, supra,* 346 S.E.2d at 212.

W/J Ranch and Musick tendered an instruction that listed four factors for the jury to consider in deciding whether a deed is an equitable mortgage and then stated: "All of these factors need not be present for you to conclude that the deed was intended to be an equitable mortgage. The presence of one or more of these factors is indicative of an equitable mortgage." W/J Ranch and Musick do not cite any authority in Colorado, and we are aware of none, in support of either of these propositions.

Here, the instruction given to the jury was not erroneous, because it adequately informed the jury of the law on the equitable mortgage defense. Further, Instruction No. 11 informed the jury of what it could consider in determining the parties' intent. Thus, the instructions given, when taken as a whole, did not prejudice the substantial rights of W/J Ranch and Musick. *See Weicker Transfer & Storage Co. v. Bedwell,* 95 Colo. 280, 35 P.2d 1022 (1934)(trial court's refusal to give the requested instruction was not error where the instruction actually given was sufficiently comprehensive to advise the jury as to the issue); *see also Williams, supra.*

The trial court refused W/J Ranch and Musick's tendered instruction to avoid misleading or misinforming the jury. As the trial court noted, the rejected instruction included an incomplete list of factors that were "cherry pick[ed]" by W/J Ranch and Musick. Had the trial court given the jurors an instruction that included only some of the factors relevant in ascertaining whether there was an equitable mortgage, it would have risked misleading them by omitting other, perhaps more important or crucial, factors. The jury could have reached the erroneous conclusion that it could not consider other factors which may have been present.

Under the circumstances here, the court properly gave an instruction that tracked the language of the statute, while allowing both parties to discuss in closing arguments the factors which they believed were pertinent to the jury's determination. Indeed, W/J Ranch and Musick's closing argument directed the jury's attention to all the factors enumerated in their proffered instruction, including the intent of the parties in making the transaction, whether there was an agreement to reconvey the property, and the fact that the property did not change hands after the transaction.

Accordingly, the trial court properly rejected W/J Ranch and Musick's tendered instruction.

### III.  Inconsistent Verdict

◼ W/J Ranch and Musick urge us to set aside the verdict and to order a new trial on the ground that the verdict is internally inconsistent and cannot be reconciled. Specifically, they contend the jury's finding in Special Interrogatory 5, that they were not tenants at will, is inconsistent with the jury's finding in Special Interrogatory 3, that they unlawfully detained the property. We decline to address this contention.

◼ A party cannot seek appellate review of the propriety of a jury instruction unless counsel objects prior to the court's presentation of the instructions to the jury. *Bear Valley Church of Christ v. DeBose,* 928 P.2d 1315 (Colo.1996). *See* C.R.C.P. 51. W/J Ranch and Musick did not object to the verdict forms, verdict instructions, or interrogatories prior to submission to the jury.

In *Bear Valley,* the supreme court declined to review a claim related to inconsistent and

duplicative jury awards because the appellants had failed to object to the jury instructions and verdict forms before submission to the jury. The court stated that "[c]ounsel has the duty to examine the instructions, and his failure to detect errors and call the trial court's attention to them ordinarily operates as a waiver of the objection." *Bear Valley, supra,* 928 P.2d at 1330 (quoting *Scheer v. Cromwell,* 158 Colo. 427, 429, 407 P.2d 344, 345 (1965)).

W/J Ranch and Musick argue that the problem here was not with the verdict forms or instructions, but with the answers given by the jury. Thus, in their view, no objection at trial was required. This argument begs the question. The instructions could have made it clear that the jury needed to decide whether W/J Ranch and Musick unlawfully detained the property only if it first found that they were tenants at will. The jury verdict instructions and forms, as drafted, allowed the jury to make inconsistent findings. *See Bear Valley, supra,* 928 P.2d at 1329 ("the record does not contain any evidence that the defendants entered objections to the verdict forms or instructions, prior to submission to the jury, on the basis that the instructions allowed the jury to assess inconsistent or duplicative damages").

### IV. Expert Testimony

 Finally, W/J Ranch and Musick contend the trial court erred in excluding the testimony of their proffered expert witness. Specifically, they argue that the trial court erred in concluding that their C.R.C.P. 26(a)(2) disclosures were insufficient and that the proffered expert's testimony would be unfairly prejudicial under CRE 403. We disagree.

With regard to opinions by specially retained experts, C.R.C.P. 26(a)(2) provides in pertinent part that "[t]he report or summary shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor [and] the data or other information considered by the witness in forming the opinions."

If the party offering the testimony fails to provide sufficient information

about the proposed expert's qualifications or opinions, the trial court has broad discretion to determine sanctions, including disallowing the expert's testimony. *Todd v. Bear Valley Vill. Apartments,* 980 P.2d 973 (Colo.1999). We review the trial court's decision to preclude an expert witness from testifying for abuse of discretion. *Svendsen v. Robinson,* 94 P.3d 1204 (Colo.App.2004); *see KN Energy, Inc. v. Great W. Sugar Co.,* 698 P.2d 769 (Colo.1985), *aff'g Great W. Sugar Co. v. N. Natural Gas Co.,* 661 P.2d 684 (Colo.App. 1982).

C.R.C.P. 37(c) provides for the preclusion of nondisclosed evidence unless the nondisclosing party establishes that its failure to disclose was either substantially justified or harmless. *Svendsen, supra,* 94 P.3d at 1206.

In finding that W/J Ranch and Musick's disclosure of the proffered expert was insufficient, the court noted: "The rule requires that the disclosure be accompanied by a report or a summary with a complete statement of all opinions and the basis and the reasons therefor, and the basis and the reasons therefor simply are not there ...."

Based upon our review of the record, we cannot say the trial court abused its discretion in disallowing the proffered testimony. *See Great W. Sugar Co., supra.*

Because we conclude the trial court did not err in excluding the testimony on this ground, we do not address W/J Ranch and Musick's remaining contention.

The judgment is affirmed.

Judge MARQUEZ and Judge LOEB concur.