168 P.3d 505 (2007)
Robert A. COOK, Plaintiff
v.
Guadalupe FERNANDEZ-ROCHA and Farmers Insurance Company, Defendants.
No. 07SA138.
Supreme Court of Colorado, En Banc.
October 1, 2007.
Franklin D. Azar & Associates, Robert O. Fischel, Aurora, Colorado, Attorneys for Plaintiff.
Joel N. Varnell & Associates, Nina Hammon Jahn, Denver, Colorado, Attorneys for Defendants.
Justice RICE delivered the Opinion of the Court.
In this original proceeding, the Petitioner argues that the district court abused its discretion in denying Petitioner's Motion for Extension of Time for Rule 26(a)(2) Expert Witness Disclosures. We issued a rule to show cause and we now make that rule absolute.

I. Factual and Procedural History
The Petitioner, Robert A. Cook, seeks to recover damages from Respondent, Farmers Insurance Company, for injuries arising out of a September 2003 car accident. Under C.R.C.P. 26(a)(2), Cook's expert witness disclosures were due 120 days prior to trial, on January 29, 2007. Cook did not comply with this deadline. On April 25, 2007, Cook filed a Motion for Extension of Time for Rule 26(a)(2) Expert Witness Disclosures ("Motion"), *506 which the trial court denied on April 27, 2007. At the status conference on April 30, 2007, Cook's attorney requested the court to reconsider its denial of the Motion. The trial court upheld its ruling, stating that the rules of civil procedure existed for a reason and that Cook had not shown "any good reason why they shouldn't be complied with."[1] Cook subsequently filed a Petition to Show Cause in this court.

II. Original Jurisdiction
Under C.A.R. 21, this court has original jurisdiction to determine whether a trial court abused its discretion when an appeal would not be an adequate remedy. Hawkinson v. Biddle, 880 P.2d 748, 748 (Colo.1994). We will exercise our original jurisdiction when a pretrial order would put a party at a significant disadvantage in litigating the merits of a case. People v. Dist. Court, 793 P.2d 163, 166 (Colo.1990); Sanchez v. Dist. Court, 624 P.2d 1314, 1316 (Colo.1981). In this case, the trial court's denial of the Motion in effect prevents Cook from calling any expert witnesses at trial, which significantly hampers his ability to try the case. We therefore exercise our original jurisdiction.

III. Analysis
A party that does not comply with the disclosure deadlines in C.R.C.P. 26(a)(2) faces possible sanction under C.R.C.P. 37(c), including the preclusion of any evidence that was not properly disclosed.[2] We have held that "under C.R.C.P. 37(c), a trial court has a duty to sanction a party for failure to comply with certain discovery deadlines by precluding evidence or witnesses, unless the party's failure to comply is either substantially justified or harmless." Todd v. Bear Valley Vill. Apartments, 980 P.2d 973, 975 (Colo.1999) (emphasis in original). The non-disclosing party has the burden of proving that the failure to disclose was either substantially justified or harmless to the other party. Id. at 978.
The trial court's denial of the Motion in this case was the functional equivalent of precluding the testimony of Cook's expert witnesses. Under C.R.C.P. 37(c) and our decision in Todd, this sanction was not appropriate if there was a substantial justification for Cook's failure to disclose his expert witnesses or if the failure to disclose was harmless. Cook does not claim a substantial justification but instead argues that the failure to timely disclose was harmless and therefore the trial court abused its discretion in denying the Motion. We remand this case for a determination of whether Cook's untimeliness was in fact harmless to Farmers.
The record suggests we are presented with a harmless failure to comply with the disclosure deadlines in C.R.C.P. 26(a)(2). At the status conference, Farmers' counsel admitted that she already knew whom Cook intended to call at trial. The following colloquy occurred between counsel for Cook, the trial court, and counsel for Farmers:
COOK'S COUNSEL: I would like to readdress the issue of expert disclosures. We disclosed the information in mandatory disclosures right away at the inception of the matter being at issue. This is something that shows no surprise whatsoever to Defense Counsel. She and I have been discussing actually scheduling, in regards to witnesses, experts, that kind of thing, and would ask the Court to reconsider our  our motion. There is nothing new within the expert disclosures that the Defense Counsel  Defendant's [sic] don't already have.
COURT: Madam?
FARMERS' COUNSEL: Your Honor, I guess I would agree that I had a pretty good idea of who he was going to be calling. There's not that many treating doctors, however, the rules are there for a reason.

*507 COURT: They are there for a reason, and there hasn't been shown any good reason why they shouldn't be complied with. They were due 120 days prior to trial, they were given to the Court less than 35 days prior to trial, so the ruling stands.
Aside from this exchange, however, the record is devoid of evidence documenting what information Farmers' counsel had in her possession regarding Cook's experts and when such information was received. In any event, this colloquy demonstrates that the trial court made no inquiry into whether the untimely disclosure was harmless, proceeding solely on the basis of Cook's lack of substantial justification. This was error under our ruling in Todd, which held that preclusion of evidence or witnesses is inappropriate where there is a substantial justification for a failure to comply with the disclosure deadlines or where the failure is harmless to the opposing party. 980 P.2d at 975.

IV. Conclusion
In sum, we conclude that the trial court abused its discretion in denying the Motion without conducting an inquiry into the harmlessness of Cook's non-compliance with C.R.C.P. 26(a)(2). We make the rule absolute and remand this case for proceedings consistent with this opinion.
NOTES
[1] Cook also filed a second, more detailed, motion for extension of time. The trial court denied this motion on May 10, 2007.
[2] C.R.C.P. 37(c)(1) states, in relevant part, "A party that without substantial justification fails to disclose information required by C.R.C.P. Rules 26(a) or 26(e) shall not, unless such failure is harmless, be permitted to present any evidence not so disclosed at trial. . . ."