Barbara L. TRATTLER, individually, as representative of the Estate of Larry Trattler, deceased, and as next friend of Larry T. Trattler, Adam G. Trattler, and Andrew D. Trattler, minor children, Petitioner

v.

Daniel C. CITRON, M.D.; Colorado Internal Medicine Center, P.C.; Mark W. Keller, M.D.; and Aurora Denver Cardiology Associates, P.C., Respondents.

No. 06SC681.

Supreme Court of Colorado, En Banc.

April 14, 2008.

Rehearing Denied May 12, 2008.*

* Justice Eid would grant the Petition.

Pryor Johnson Carney Karr Nixon, P.C., Elizabeth C. Moran, Greenwood Village, Colorado, Attorneys for Respondents Daniel C. Citron, M.D. and Colorado Internal Medicine Center, P.C.

Montgomery Little Soran & Murray, P.C., Amy E. Cook–Olson, Stephen J. Henson, C. Todd Drake, Greenwood Village, Colorado, Attorneys for Respondents Mark W. Keller, M.D. and Aurora Denver Cardiology.

Markusson, Green & Jarvis, P.C., David B. Bush, Denver, Colorado, Attorneys for Amicus Curiae Colorado Defense Lawyers Association.

The Viorst Law Offices, P.C., Anthony Viorst, Denver, Colorado, Attorney for Amicus Curiae The Colorado Trial Lawyers Association.

Justice MARTINEZ delivered the Opinion of the Court.

In this appeal, we review the unpublished opinion of the court of appeals in *Trattler v. Citron*, No. 04CA2113, 2006 WL 2506741 (Colo.App. Aug. 31, 2006). The court of appeals affirmed the trial court's order that two of the plaintiff's experts were properly excluded from testifying in a wrongful death action. Interpreting the disclosure provisions in C.R.C.P. 26(a)(2)(B)(I) and the sanctions for a violation of these disclosure rules available under C.R.C.P. 37(c)(1) the trial court found that the failure of two of the plaintiff's expert witnesses to disclose a portion of their testimonial history required preclusion of their trial testimony under Rule 37(c)(1).

We reverse the ruling of the court of appeals that Rule 37(c)(1) requires that experts be precluded from testifying when they fail to provide their testimonial history under Rule 26(a)(2)(B)(I). We find that the court of appeals' opinion is contrary to Rule 37(c)(1) in two ways. First, the court of appeals held that preclusion of the witnesses' testimony was the required sanction under Rule 37(c)(1) for a violation of Rule 26(a)(2)(B)(I). To the contrary, we read Rule 37(c)(1) first to provide for preclusion of the undisclosed evidence rather than for preclusion of the testimony of expert witnesses. Second, the court of appeals did not direct the trial court to consider the Rule 37(c)(1) sanctions available to the trial court in lieu of

or in addition to preclusion of the undisclosed evidence. Thus, we hold that the court should look to the sanctions listed in the "in addition to or in lieu of" section of Rule 37(c)(1) when precluding undisclosed evidence is an inappropriate or inadequate sanction.

## I.  Facts and Procedural History

Barbara Trattler ("Trattler"), wife of the deceased Larry T. Trattler, brought this wrongful death action on behalf of herself, as next friend, as representative to the estate of the deceased, and on behalf of the deceased's two sons. She alleges that two doctors, Daniel Citron ("Dr. Citron") and Mark Keller ("Dr. Keller"), along with their respective partnerships, Colorado Internal Medicine Center and Aurora Denver Cardiology Associates respectively, were liable for the decedent's death when they failed to find the arterial blockage that eventually led to his heart attack.

In 1989, the deceased retained Dr. Citron as his primary physician. During the twelve years preceding his death, the deceased began registering an elevated cholesterol count, necessitating cholesterol inhibitors to curb a high LDL count. In November 1999, Dr. Citron ordered an EBCT scan to determine the extent to which the deceased exhibited calcium deposits in and around his coronary arteries. The deceased posted an EBCT score in the "slightly" to "highly" elevated range, suggesting the existence of arterial plaque.

Subsequently, Dr. Citron increased the deceased's cholesterol medications and referred him to a cardiologist, Dr. Keller, who was retained for the purpose of ruling out obstructive heart disease. Dr. Keller conducted a stress EKG on the decedent to test for heart abnormalities. Finding nothing out of the ordinary in the test results, Dr. Keller advised the decedent to continue treatment with Dr. Citron.

In late November or early December 2001, the deceased called Dr. Citron's office complaining of chest pains. Based on the description of the pain, Dr. Citron advised the deceased that the symptoms likely were not heart-related. Despite Dr. Citron's belief that the pain represented nothing serious, the deceased scheduled a complete physical for January 4, 2002. However, on December 22, 2001, the deceased suffered a sudden severe heart attack, which left him in a deep coma. He did not regain consciousness. With no prognosis for recovery and a high likelihood of brain damage, his family removed the deceased from life support on December 27, 2001. When he died, Larry Trattler was fifty years old. An autopsy later indicated that the deceased's heart attack was due to heart failure as a consequence of coronary blockage.

On her husband's behalf, Barbara Trattler filed suit against Drs. Citron and Keller, along with their partnerships, alleging substandard care, including the failure to offer a more sensitive cardiac test to detect obstructive heart disease. To prove her case, Trattler hired Drs. Jay Schapira ("Dr. Schapira") and Richard Birrer ("Dr. Birrer"), along with a third doctor, to serve as expert witnesses to demonstrate that Drs. Citron and Keller failed to meet their respective standards of care.

Specifically, Dr. Schapira was of the opinion that both Drs. Citron and Keller provided substandard medical care to Larry Trattler. Dr. Schapira was prepared to testify that Dr. Keller did not order the appropriate medical test and, as a result, did not detect Larry Trattler's obstructive heart disease. Further, Dr. Schapira was prepared to testify that Dr. Citron did not obtain Larry Trattler's informed consent by failing to refer Larry Trattler for additional tests once he posted a high heart score and complained of chest pains.

Dr. Birrer was prepared to testify that a stress thallium test should have been ordered by either Dr. Citron or Dr. Keller when Larry Trattler exhibited a high heart score and chest pains. In addition, Dr. Birrer was of the opinion that Dr. Citron should have referred Larry Trattler to an emergency room when he exhibited chest pains in the days before the heart attack. Unlike the third doctor, who was an academic doctor at a teaching hospital, both Drs. Birrer and Schapira were practicing clinicians with sub-

stantially more clinical experience than Trattler's third expert physician.[1]

In accordance with C.R.C.P. 26(a)(2), Trattler filed a disclosure approximately 120 days before trial, endorsing the three doctors to serve as expert witnesses on the various standards of care required in a medical malpractice suit. At the time of the endorsement, she provided the experts' qualifications, reports summarizing their findings, and a comprehensive list of their recent publications, each of which is required by Rule 26(a)(2)(B)(I). However, Trattler did not provide a complete list of the other cases in which Drs. Schapira and Birrer testified during the preceding four years, which Rule 26(a)(2)(B)(I) also requires.

Several weeks after the 120-day deadline passed, Trattler updated the experts' partial testimonial history and promised to supplement the list as additional information became available. Not waiting for Trattler to file a complete testimonial history for both experts, defendants' attorneys consulted a defense attorneys' expert witness database to compile their own list of cases in which Drs. Schapira and Birrer had previously testified. While it is unclear from the record whether the defendants' list was exhaustive, it was far more complete than the early lists provided by Trattler.

On June 15, 2004, when Dr. Schapira was deposed, defendants' attorneys used their more complete testimonial history to ask Dr. Schapira the details of several cases Trattler failed to disclose. This prompted a meeting between Trattler's attorney and Dr. Schapira over the lunch break, where Dr. Schapira attempted to remember every case in which he had testified over the previous four years and provided an updated list to the defense. However, this too was an incomplete list. When the parties did not finish the deposition in the eight hours allotted, Trattler agreed to allow the defendants a second day to depose Schapira so that they could further inquire about Schapira's testimonial history.

Similarly, when defendants' attorneys deposed Dr. Birrer a week later, he too was asked about cases not listed in his disclosure documents. Dr. Birrer also attempted to supplement his testimonial history. At the end of Dr. Birrer's deposition, the parties again agreed to continue the deposition at an undetermined later date so that the defendants could ask more questions about Dr. Birrer's past testimony once that testimonial history was known to them.

Before Drs. Schapira and Birrer could be scheduled for additional depositions, however, defendants filed motions to strike both Drs. Schapira and Birrer, claiming that each failed to provide adequate testimonial histories as required by Rule 26(a)(2)(B)(I). Specifically, defendants argued that Dr. Schapira failed to properly document over one hundred previous cases in which he testified in the four years prior to Trattler's suit. The defendants also claimed that Dr. Birrer failed to document six prior cases in which he gave testimony in the previous four years. Trattler filed a detailed response, and each of the experts further supplemented their prior disclosures. On July 9, 2004, twenty-five days prior to trial, Dr. Schapira submitted a list of 155 previous cases. Trattler claimed this was a complete list. Similarly, Dr. Birrer supplemented his testimonial history nineteen days prior to trial. While it is unclear from the record whether Dr. Schapira's list of past testimony was complete, the record does indicate that Dr. Birrer's testimonial history was complete by this final disclosure.

The defendants ignored Trattler's effort to schedule additional depositions. Instead, the defendants filed a motion with the trial court on July 2, 2004, to exclude the testimony of both experts. On August 18, 2004, less than four days before trial, the court issued a written order ruling in favor of defendants' motion to strike Trattler's experts. The trial court ordered that neither Dr. Schapira nor Dr. Birrer could testify at trial.

As to Dr. Schapira, the trial court found that he "did not timely comply with the

1. Trattler argues that the third doctor's lack of clinical experience was a critical detriment during the defendants' cross examination at trial. Trattler contends that the jury would have re-

ceived the opinions of Drs. Schapira and Birrer differently than the purely academic opinions of the third doctor.

obligation of a retained expert witness to provide four years of testimonial history under C.R.C.P. 26(a)(2)(B)(I)." The court then quoted Rule 37(c)(1) and concluded that "Rule 37(c)(1) *requires* that trial courts sanction all failures to disclose under Rules 26(a) and 26(e) with evidence or witness preclusion unless the failure to disclose is either substantially justified or harmless." (emphasis added). The court concluded that "Dr. Schapira's failure to abide by the rules precludes him from testifying as an expert." Declaring that it was bound by the language of the rule, the court concluded that Rule 37(c)(1) required that the experts be precluded from testifying at trial for violating Rule 26(a)(2)(B)(I), which mandates a timely, complete disclosure of testimonial history 120 days prior to trial. The trial court noted, however, that it did "not fault plaintiffs' counsel who seems to have made repeated efforts to persuade Dr. Schapira to make the required disclosure." As to the provision excusing incomplete disclosure if justified or harmless, the trial court concluded that "the sheer volume of testimony that Dr. Schapira failed to disclose convinces me that the failure was either willful or grossly negligent on his part" and thus not justified. Further, the court concluded that a "failure to disclose testimonial history is not harmless as contemplated by the rules." The record does not indicate what the trial court used as a basis for determining that Trattler's nondisclosure was not harmless.

The trial court's written ruling also barred testimony from Dr. Birrer. The court found that, like Dr. Schapira, Dr. Birrer failed to adequately comply with Rule 26(a)(2)(B)(I) when he failed to provide a complete testimonial history 120 days prior to trial. The court again found that the failure to disclose was not harmless.

The day after the trial court issued the ruling precluding Drs. Schapira and Birrer from testifying, the court heard Trattler's motion to reconsider the exclusion of her two expert witnesses. At the hearing, Trattler made several arguments as to why the court's sanction was unwarranted or, at the very least, too harsh. She informed the court that both experts were from out-of-state and had never encountered a rule requiring full disclosure of past testimony, thus they did not have records that allowed for easy compliance. She also contended that once it became apparent that the experts were having difficulty adhering to the rule, Trattler made every attempt to help her experts properly disclose the information to the defendants. Further, she informed the court that, at least in the case of Dr. Birrer, he had difficulty accessing his old records, having left his previous practice to join another professional group. As for Dr. Schapira, the parties disputed whether he had provided a complete testimonial history. Trattler claimed that a full, complete, and comprehensive list of Dr. Schapira's testimonial history was provided on July 9, 2004, some six weeks before trial. The defendants, however, insisted that they discovered as many as fifteen additional cases in which Dr. Schapira testified even after Trattler claimed his testimonial history was complete.

Trattler also argued that the defendants already possessed or could have easily accessed the missing testimonial history through a defense attorneys' database. A transcript of the hearing demonstrates that Trattler's counsel argued to the court that the defendants were not harmed by the late disclosure:

> *Trattler's Attorney:* Judge, I'll represent to you that if you ask these lawyers as officers of the court whether they had access to all of the information which was supplemented related to Dr. Schapira, [including] cases, case names, case numbers, lawyers, et cetera, they will have to admit they did. They will have to admit this is all available. Every single one of those cases was available to them and all of that information was available to them. And, if you ask them, and I request that the court [ask] this, "how much of it did you have prior to Dr. Schapira's deposition?" I suspect that they will have to admit that they had all of it, or they had access to all of it, because they have access to defendants' deposition bank, which contains all of this information.

The court did not ask the defendants' attorneys whether they possessed or had easy

access to the missing testimonial history. Later in the hearing, Trattler's attorney again asked the court to inquire as to whether the defendants were prejudiced. At this point, the court formally refused:

> *Trattler's Attorney:* Judge, just one other thing.... There is a harmless part to this argument. I am not asking you to change your ruling, but I would ask the court to inquire of [defense counsel] ... how much of the disclosure he had at the time of Dr. Schapira's deposition, because it goes directly to the harmless portion of the test. And, while [defense counsel] is correct that the rule requires that the witness disclose this information, it also goes on to say that before the witness is stricken, there is a determination of whether it's harmless. If he had everything, then this becomes a legal game, which it shouldn't be.
>
> *The Court:* Well, I'm not going to require [defense counsel] to answer that question.

When the court denied Trattler's motion to reconsider, Trattler then made two additional motions. She moved for the court to grant a continuance so that Drs. Schapira and Birrer could further supplement the record. In the absence of that, Trattler moved that the court grant a continuance so she could replace her lost experts. The court denied both of these motions. At no point during discussions of the failure to timely provide complete testimonial histories did the trial court acknowledge awareness of any possible sanctions other than witness preclusion, which it believed was required by the rule.

The trial went forward as scheduled three days after the motion hearing. Trattler presented her case to a jury, but without an expert witness to testify to Dr. Keller's standard of care, the court granted summary judgment for the defendants as to her claim against Dr. Keller. The claims against Dr. Citron went to the jury with only the testimony of Trattler's third expert witness. Dr. Citron was found not liable.

Trattler appealed, arguing that the trial court's exclusion of her two expert witnesses was an abuse of discretion. The court of appeals affirmed, holding that Rule 26(a)(2)(B)(I) was written to prevent the discovering party from the expenditure and time required to discover information necessary to the defense of Drs. Citron and Keller, and that Rule 37(c)(1) "requires preclusion" of an offending witness when that witness does not make the disclosures mandated by the rule.

## II. Analysis

■ Among the many important purposes of discovery, the most central to a fair trial is the parties' production of all relevant evidence. *J.P. v. Dist. Court,* 873 P.2d 745, 748 (Colo.1994); *see also Todd v. Bear Valley Vill. Apartments,* 980 P.2d 973, 977 (Colo. 1999); *Bond v. Dist. Court,* 682 P.2d 33, 35 (Colo.1984). Here, we consider whether Trattler's failure to disclose her experts' recent testimonial history, in violation of Rule 26(a)(2)(B)(I), prevented a fair trial and necessitated the sanction of witness preclusion under Rule 37(c)(1).

Because both parties agree and the court found that Trattler failed to timely disclose a portion of Drs. Schapira and Birrer's testimonial history, the question here is whether Rule 37(c)(1) requires preclusion of the evidence and to what extent the trial court should consider the alternative sanctions found in the "in addition to or in lieu of" section of the rule. Thus, we begin by considering the language of Rule 37(c)(1).

### A. Rule 37(c)(1)

Rule 37(c)(1) provides sanctions available to the court for violations of several aspects of the disclosure requirements of Rule 26(a)(2)(B)(I). These disclosure requirements include 1) the identity of expert witnesses; 2) the qualifications for those witnesses; 3) a summary report of the experts' findings relative to the case at issue; 4) any exhibits to be used; 5) a list of the experts' past publications; 6) the compensation received by the expert for work in this case; and 7) a list of the cases in which the experts testified over the previous four years. C.R.C.P. 26(a)(2)(B)(I). The first provision of Rule 37(c)(1), captured in the first two sentences of the rule, require preclusion of the undisclosed evidence if there is no sub-

stantial justification and the failure to disclose is not harmless. Rule 37(c)(1) states:

A party that without substantial justification fails to disclose information required by C.R.C.P. Rules 26(a) or 26(e) shall not, unless such failure is harmless, be permitted to present any evidence not so disclosed at trial or on a motion made pursuant to C.R.C.P. 56.

This part of the rule neither requires nor authorizes the preclusion of evidence that was disclosed.

The final sentence of Rule 37(c)(1) provides for other appropriate sanctions that may be imposed either instead of the preclusion of evidence not disclosed or in addition to preclusion of evidence not disclosed.

In addition to, or in lieu of this action, the court, on motion after affording an opportunity to be heard, may impose other appropriate sanctions, which, in addition to requiring payment of reasonable expenses including attorney fees caused by the failure, may include any of the actions authorized pursuant to subsections (b)(2)(A), (b)(2)(B), and (b)(2)(C) of this rule.

Thus, there are two significant parts to subsection (c) of Rule 37. The first provides for preclusion of evidence not disclosed, and the second provides for other appropriate sanctions "in addition to or in lieu of" preclusion of undisclosed evidence, where preclusion of undisclosed evidence is either inappropriate or insufficient.

As with the first portion of the rule, the other sanctions in the second part of Rule 37(c)(1) are only authorized when the party is not justified and the failure to disclose is not harmless to the opposing party. Whether any of the other sanctions are appropriate must be determined by the trial court. If preclusion of the undisclosed evidence is not appropriate or sufficient, possible alternative sanctions include payment of reasonable expenses and attorneys fees. C.R.C.P. 37(c)(1). In addition, sanctions can include an order designating that certain facts have been established, an order preventing the nondisclosing party from supporting or opposing certain claims or defenses, or an order striking parts or all of a pleading until the order is obeyed. C.R.C.P. 37(b)(2)(A)-(C). Fur-

ther, the court has the authority, should such a sanction be appropriate, to prohibit the admission of any evidence, dismiss the case, or issue a default judgment against the party in violation of the rule. *Id.*

There is no argument as to whether Trattler violated Rule 26(a)(2)(B)(I) when she failed to provide the defendants with a portion of her experts' testimonial history. Both parties and the court have concluded that Trattler failed to make the timely disclosure required by the rule. Further, because she does not claim to be substantially justified in failing to provide the experts' testimonial history, we need not address substantial justification. What Trattler does argue is that the court misinterpreted Rule 37(c)(1) to require preclusion of the witnesses' testimony for failure to provide a complete testimonial history. We agree with Trattler that the trial court erred when it precluded her experts from testifying. We find that Rule 37(c)(1) requires preclusion of undisclosed evidence, which in this case is the testimonial history, unless that sanction is not appropriate. We further find that in cases where preclusion of the evidence is inappropriate, as here, or an insufficient sanction, the trial court may consider the alternative sanctions described in the "in addition to or in lieu of" part of the Rule 37(c)(1).

Trattler makes a second argument that her failure to provide her experts' testimonial history caused the defendants no harm because they possessed or could have easily accessed the undisclosed information. Because the record before us is inadequate and because we find in Trattler's favor on the ground that the court imposed an inappropriate sanction under Rule 37(c)(1), we do not consider the argument that her failure to disclose her experts' testimonial history was harmless in that the defendants already possessed or could have easily accessed the experts' testimonial history.

### B. Preclusion of Evidence Under Rule 37(c)(1)

■ Trattler's central contention is that the trial court erred when it read Rule 37(c)(1) to require preclusion of her expert

witnesses' testimony as the only sanction available under the rule. We agree. We conclude that Rule 37(c)(1) initially requires preclusion of the undisclosed evidence, which in this case was only some of the experts' testimonial history. Because the identity of the expert witness and the other mandated information was disclosed, the entire testimony of the witness cannot be described as undisclosed evidence.

Rule 37(c)(1) specifies that a party who fails to disclose the "information required by C.R.C.P. 26(a)" shall not be permitted to present at trial "any evidence not so disclosed." We have previously interpreted this first provision of Rule 37(c)(1) to require preclusion of testimony from an expert witness where the fact that the witness would be testifying was not timely disclosed. *Todd*, 980 P.2d at 978; *see also Cook v. Fernandez-Rocha*, 168 P.3d 505, 506 (Colo.2007). However, the present facts do not concern a failure to disclose information the non-disclosing party sought to present at trial. Instead, it was information sought by the opposing party during pretrial discovery. Thus, the question here is whether preclusion of Trattler's experts' testimony was the proper sanction when the witnesses were timely endorsed but their testimonial history was not timely disclosed. We consider this question by first examining our previous holdings in *Todd* and *Cook*.

In *Todd*, we applied the first provision of Rule 37(c)(1) to find that when a party fails to timely endorse an expert witness, as required by Rule 26(a)(2)(B)(I), and the failure is not either substantially justified or harmless, the court acts within its discretion when it precludes the expert from testifying. In the case of *Todd*, the evidence in question was the testimony of the expert doctor endorsed to testify six weeks prior to trial. Rule 26(a)(2)(B)(I) requires that experts be endorsed to testify 120 days prior to trial. By endorsing a new expert witness so close to trial, the plaintiff in *Todd* prejudiced the opposing party by giving the defendant inadequate time to prepare for a new expert witness. This failure to endorse a witness implicated the first provision of Rule 37(c)(1). *Todd*, 980 P.2d at 978. When the "information required by C.R.C.P. 26(a)" is also the evidence the non-disclosing party seeks to present at trial, the first provision of Rule 37(c)(1) requires preclusion of that evidence. *Id.* Hence, the trial court would have properly precluded the doctor from giving evidence had not an unrelated continuance made the nondisclosure of Todd's expert harmless. *Todd*, 980 P.2d at 979.

Similarly, in *Cook*, we held that a trial court acts within its discretion when it sanctions a party for failure to endorse an expert witness in a timely manner. 168 P.3d at 507. As in *Todd*, the automatic sanction in *Cook* was preclusion of the undisclosed evidence, the expert's testimony. *See id.* 168 P.3d at 506. Thus, in both *Todd* and *Cook*, the evidence that was precluded was the evidence that was not disclosed.

■ We did not find it necessary in *Todd* or *Cook* to discuss whether a court could sanction a failure to disclose information by precluding evidence that was properly disclosed. On three occasions since we decided *Todd*, the court of appeals has cited our opinion in *Todd*, which addresses the preclusion of undisclosed evidence required by the first part of Rule 37(c)(1), and has concluded that trial courts did not abuse their discretion by precluding undisclosed evidence, without discussing the remaining provisions of the rule. *See Woznicki v. Musick*, 119 P.3d 567, 575 (Colo.App.2005); *Svendsen v. Robinson*, 94 P.3d 1204, 1208 (Colo.App. 2004); *Carlson v. Ferris*, 58 P.3d 1055, 1059 (Colo.App.2002). When preclusion is not required by the first part of Rule 37(c)(1), further analysis is necessary to determine whether preclusion of disclosed evidence, or some alternative sanction, is appropriate.[2]

Here, the evidence that Trattler failed to disclose was not the identity of Trattler's experts but her experts' testimonial history. Thus, when the court determined that a sanc-

2. It is unclear from the sparse detail concerning the nature and extent of undisclosed information in *Woznicki*, 119 P.3d at 575; *Svendsen*, 94 P.3d at 1208; and *Carlson*, 58 P.3d at 1059, whether these decisions can be reconciled with our opinion today. To the extent, if any, that they are inconsistent with our opinion, they are overruled.

tion was mandated by Trattler's failure to provide the experts' previous testimony, the court was not required by Rule 37(c)(1) to preclude the complete testimony of the experts. Rather, Rule 37(c)(1) only requires the preclusion of undisclosed evidence. However, because precluding the experts' undisclosed testimonial history would have been an inappropriate sanction in that it would have further disadvantaged the defendants who sought to use the testimonial history to cross-examine the experts at trial, the court should have looked to the alternative sanctions in the "in addition to or in lieu of" part of Rule 37(c)(1).

## C. Alternative Sanctions Under Rule 37(c)(1)

■ Alternative sanctions are provided for in the last sentence of Rule 37(c)(1), which states that "in addition to or in lieu of" preclusion of the undisclosed evidence, the court may impose other appropriate sanctions. Hence, the final sentence of Rule 37(c)(1) specifically states that the trial court may use its discretion to impose an appropriate sanction in cases where preclusion is an inappropriate or inadequate sanction. To properly exercise its discretion to impose an appropriate sanction, the trial court should first look to the nature and severity of the violation and then to the alternative sanctions specified in the rule.

Here, the defendants knew the identity of Trattler's experts and had timely received other disclosures required by Rule 26(a)(2)(B)(I), including written summaries of the experts' proposed testimony describing the bases for the experts' findings, exhibits to be used as support for their opinions, a list of the experts' qualifications, and a list of the experts' recent publications. Thus, the only evidence not disclosed in violation of Rule 26(a)(2)(B)(I) was a portion of the experts' past testimonial history.

While an expert's past testimony may be useful when the opposing party seeks to impeach that expert during cross-examination, the expert's testimonial history is not central to the case. Here, the defendants knew the identity of the experts, received all relevant information about the experts except for a portion of their testimonial history, had ready access to the experts' testimonial history by use of a defense attorney's database, and had already undertaken lengthy depositions of each of Trattler's experts, including extensive questioning of the doctors' expertise, their previous testimony in other cases, and their opinions on the present case. In addition, defendants had the opportunity to depose each doctor a second time prior to trial. Thus, much of the experts' forensic testimony was thoroughly probed prior to the defendants' Rule 37(c)(1) claim and could have been explored further.

The record also indicates that the trial court believed Trattler acted in good faith and was not to blame for her experts' failure to fully disclose their testimonial history. In its written order, the court stated: "I do not fault petitioners' counsel, who seem to have made repeated efforts to persuade Dr. Schapira to make the required disclosure." Finally, because the defendants possessed or could easily have accessed Trattler's experts' testimonial history through a defendants' database, the possible harm arising from late or incomplete disclosure of the experts' testimonial history was, at least, greatly minimized. In light of these circumstances, precluding Trattler's experts from testifying was disproportionate to the failure to disclose testimonial history.

■ Where preclusion of the undisclosed evidence is not a proper sanction, the appropriate alternative sanction should be in keeping with the significance of the violation. We reaffirm the principle that sanctions should be directly commensurate with the prejudice caused to the opposing party. *See Kwik Way Stores, Inc. v. Caldwell*, 745 P.2d 672, 677 (Colo.1987). Consequently, we have previously held that "it is unreasonable to deny a party an opportunity to present relevant evidence based on a draconian application of pretrial rules." *J.P.*, 873 P.2d at 750 (citing *Nagy v. Dist. Court*, 762 P.2d 158 (Colo.1988)). Further, Colorado courts have held that when a party violates the discovery rules, trial courts are permitted "to choose an appropriate sanction, which may include evidence preclusion. However, that sanction is not mandatory." *Genova v. Longs Peak*

*Emergency Physicians*, 72 P.3d 454, 466 (Colo.App.2003). In so doing, "the trial court must strive to afford all parties their day in court and an opportunity to present all relevant evidence at trial." *Todd*, 980 P.2d at 979. We reaffirm, as we did in *Todd*, our longstanding principle that the objective of the discovery rules is "to provide a 'just, speedy, and inexpensive determination' of civil cases." *See id.* (quoting C.R.C.P. 1(a)). Accordingly, we hold that preclusion of expert witnesses for failure to provide testimonial history is a disproportionate sanction.

■ When considering an appropriate sanction for nondisclosure or late disclosure of testimonial history, the trial court should be guided by the alternatives specified in Rule 37(c)(1), including the alternatives cross referenced in sections (b)(2)(A), (b)(2)(B), and (b)(2)(C) of the rule. Thus, the court may consider rescheduling depositions or trial, payment of attorney fees and costs, contempt proceedings against the experts, admitting evidence of the noncompliance, instructing the jury that noncompliance may reflect on the credibility of the witness, or any other sanction directly commensurate with the prejudice caused.

### III. Conclusion

Because the court misread Rule 37(c)(1) to require witness preclusion for failure to disclose testimonial history, failed to consider other sanctions provided in the "in addition to or in lieu of" section of Rule 37(c)(1), and imposed a sanction that was not commensurate with the nature of the violation, we find that the trial court abused its discretion by precluding the testimony of Drs. Schapira and Birrer. We therefore reverse the judgment of the court of appeals and return this case to that court for remand to the trial court for a new trial.

Justice EID dissents.

Justice EID, dissenting.

It is undisputed in this case that Trattler failed to disclose her expert witnesses' testimonial histories as required by Rule 26(a)(2)(B)(I). The trial court found that the nondisclosure of Dr. Schapira's testimonial history was "either willful or grossly negligent on his part." It implicitly found the same with regard to Dr. Birrer, who "attempted to excuse his [nondisclosure] by claiming that he did not have access to his administrative calendar due to a change in employment," when he did in fact have access at the time the disclosure was due. Yet the majority takes the trial court's sanction for these willful or grossly negligent nondisclosures—that is, preclusion of the expert witnesses' testimony—off the table. Unlike the majority, I believe that expert witness preclusion is an available sanction under Rule 37(c)(1) for such willful or grossly negligent disclosure violations. In my view, under Rule 37(c)(1), if a party fails to disclose "information" required by Rule 26(a)(2) (here, the testimonial histories of expert witnesses), the trial court can preclude the party from "presenting any evidence not so disclosed" (here, the expert testimony). Because the majority reaches a contrary conclusion, I respectfully dissent from its opinion.

### I.

Rule 26(a) requires a plaintiff to disclose her expert witnesses 120 days before trial. C.R.C.P. 26(a)(2)(C)(I). A disclosure of an expert witness must include, in addition to the witness's identity and "fields of expertise," C.R.C.P. 26(a)(2)(A), a written report or summary. C.R.C.P. 26(a)(2)(B). The report or summary must contain (1) a statement of all opinions to be expressed and the basis and reasons therefor; (2) the data considered by the expert in forming the opinions; (3) any exhibits to be used; (4) the witness's qualifications, including a list of all publications he authored within the previous ten years; (5) the compensation for the study and testimony; and, relevant to this case, (6) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. C.R.C.P. 26(a)(2)(B)(I)-(II). The listing of cases must, at a minimum, provide the name of the court, whether the testimony was by deposition or at trial, the parties' names, and the case number. *Carlson v. Ferris*, 58 P.3d 1055, 1058 (Colo.App.2002).

Failure to comply with Rule 26(a) is governed by Rule 37(c)(1), which provides:

A party that without substantial justification fails to disclose *information* required by [Rule 26(a)] shall not, unless such failure is harmless, be permitted to present *any evidence* not so disclosed at trial....

(Emphasis added.) The majority reasons that the "information" and "any evidence" are the same thing. As applied here, the majority reasons, because Trattler failed to disclose her experts' testimonial histories, Rule 37(c)(1) would not permit her to present those testimonial histories at trial. Maj. op. at 681. But, the majority continues, that sanction would make no sense in this case, because Trattler is not the one who would be seeking to present the testimonial histories at trial—the defendants would, for purposes of impeachment. *Id.* at 681–82. Therefore, because the preclusion sanction of Rule 37(c)(1) would be absurd in such a situation, it simply falls away, and the trial court must choose another sanction. *Id.*

I disagree with the majority's reading because it renders expert witness preclusion inapplicable in all but a narrow set of cases—that is, where the party has failed to disclose the witness's identity. That is because under the majority's interpretation, the "evidence" excluded and the "information" not disclosed must be the same thing, and that is only true for expert witness preclusion when the "information" is the expert witness's identity. Thus, under the majority's interpretation, if the party fails to disclose other information required by Rule 26(a)(2)—for example, the witness's field of expertise; his opinions to be expressed; the data he considered in forming his opinions; the amount he was compensated for the testimony; or, as here, an expert's voluminous testimonial history—the trial court cannot exclude the witness, regardless of how willful or grossly negligent the non-disclosure was.

Unlike the majority, I do not believe the language of Rule 37(c)(1) compels such a result. In my view, the majority's fundamental mistake is to interpret "fail[ure] to disclose information required by [Rule 26(a)]" as the equivalent of "any evidence not so disclosed" in Rule 37(c)(1). In con-

trast to the majority, I would interpret the first phrase as referring to the specific "information" required by Rule 26(a)(2), including an expert witness's identity, the expert's field of expertise, the data on which the expert relied, any exhibit the expert will use, the expert's testimonial history, and so on. A failure to disclose any of the information required by Rule 26(a)(2) is, as the title to Rule 26(a)(2) suggests, a failure to "Disclos[e] ... Expert Testimony." When read in context, the "any evidence not so disclosed" phrase refers not to the specific "information" not disclosed, but to the failure to disclose expert testimony. Under this reading, a party who does not disclose the information required by Rule 26(a)(2) faces the possibility that she will not be permitted to present her expert testimony at trial.

Moreover, the trial court's action in this case was justified under the second sentence of Rule 37(c)(1), which permits the court, upon a motion, to impose "appropriate" sanctions "in lieu of or in addition to" witness preclusion. The sanctions of Rule 37 are thus of two kinds: those that are self-executing, and those that can be imposed based on a motion from a party. We have held that the preclusion sanction contained in the first sentence of Rule 37(c)(1) "is automatic and self-executing in the sense that a motion for sanctions filed by the opposing party is not a prerequisite to the imposition of the sanction." *Todd v. Bear Valley Vill. Apartments,* 980 P.2d 973, 978 (Colo.1999). By contrast, a party may choose to file a motion for "appropriate sanctions" under Rule 37(a)(2), which occurred here. When a motion for sanctions is made, the second sentence of Rule 37(c)(1) applies, which permits the trial court to impose sanctions "[i]n addition to ... this sanction," referring to the preclusion sanction contained in the first sentence. In other words, because a motion was made in this case, the trial court could have precluded the expert testimony *and* imposed additional sanctions.

Significantly, I could find no decision in Colorado or elsewhere adopting the majority's interpretation. On the contrary, our courts have consistently permitted expert witness preclusion for failure to comply with

any disclosure requirement of Rule 26(a)(2). *See, e.g., Woznicki v. Musick,* 119 P.3d 567, 575 (Colo.App.2005) ("If the party offering the testimony fails to provide sufficient information about the proposed expert's qualifications or opinions, the trial court has broad discretion to determine sanctions, including disallowing the expert's testimony."); *Svendsen v. Robinson,* 94 P.3d 1204, 1208 (Colo. App.2004) (holding that trial court did not abuse discretion when it precluded expert who failed to disclose prior testimony); *Carlson v. Ferris,* 58 P.3d 1055, 1058–59 (Colo. App.2002) (same); *see also Todd,* 980 P.2d at 979 ("[S]ection (c) of Rule 37 requires that trial courts sanction all failures to disclose under Rules 26(a) and 26(e) with *evidence or witness preclusion* unless the failure to disclose is either substantially justified or harmless.") (emphasis added). Not even Trattler proposes the interpretation adopted by the majority, instead arguing that the nondisclosures were harmless.

The majority appears to be concerned that in this particular case, expert witness preclusion was too harsh a sanction for Trattler's failure to disclose her experts' testimonial histories. For example, it suggests that testimonial history is "not central to the case" because it will only be used by the defendants for impeachment purposes; that Trattler's expert reports were complete except for the testimonial histories; that the defendants could access the experts' testimonial histories in a computer database; that the defendants could have deposed the experts a second time; and that Trattler was not to blame for her experts' nondisclosures. Maj. op. at 682. From this, the majority concludes that the trial court's sanction of "precluding Trattler's experts from testifying was disproportionate to the failure to disclose testimonial history." *Id.*

Yet Rule 37(c)(1) permits the trial court to weigh all of these considerations. As noted above, while the first sentence of the rule states that the nondisclosing party "shall" not be permitted to present evidence, the second sentence provides that "[i]n addition to or in lieu of this sanction [of expert witness preclusion], the court, on motion after affording an opportunity to be heard, may impose *other appropriate sanctions . . . .*" In my view, the trial court is in the best position to consider whether a sanction other than expert witness preclusion is appropriate given the circumstances of the case. The majority, however, through its mistaken interpretation of Rule 37(c)(1), declares expert witness preclusion to be out of bounds from the beginning, and then weighs for itself whether the trial court's sanction of "precluding Trattler's experts from testifying was disproportionate to the failure to disclose testimonial history," concluding that it was. Maj. op. at 682.

Contrary to the majority's conclusion, *see id.* at 681–82, I do not believe that the trial court in this case believed that expert witness preclusion was mandatory, nor could it, given that a motion for sanctions was made. Rather, it based its decision on the circumstances of this particular case, finding that other possible remedies such as additional depositions or continuing the trial were not appropriate. The trial court's findings of fact and the record before us indicate that Trattler's initial expert disclosures, due 120 days before trial but filed one week thereafter based on Trattler's request to postpone the deadline, provided *no* testimonial history for either Dr. Schapira or Dr. Birrer, despite the clear requirements of Rule 26(a)(2)(B)(I). After the defendants requested the experts' testimonial history, Trattler provided a partial list for each doctor on May 20, 2004, ninety days before trial. Dr. Schapira's list contained only thirty-five cases, twenty-two of which were not fully identified. This list was supplemented twice prior to Dr. Schapira's June 15, 2004 deposition. At that deposition, Dr. Schapira listed additional cases from memory but was nonetheless unable to state that his listing was complete. On July 2, 2004, defendants filed motions to strike Dr. Schapira and Dr. Birrer for failure to disclose their testimonial histories. On July 9, 2004, only forty-five days before trial, Trattler filed what she claimed to be a complete list of Dr. Schapira's prior testimony, identifying 117 additional cases. Even that listing did not contain all of the information required by Rule 26(a)(2)(B)(I). Further, even after this "final" list was filed, defendants

discovered an additional fifteen cases in which Dr. Schapira had testified.

Dr. Birrer's list filed on May 20, 2004, ninety days before trial, contained only six cases. His list was not supplemented before June 21, when defendants took his deposition. Dr. Birrer testified that his list was incomplete and that he had lost access to his administrative calendar when he left his previous job on May 29, 2004. He conceded that he did have access to his administrative calendar on April 30, 2004, when the initial expert disclosures were filed, and on May 20, 2004, when his incomplete list of cases was provided. Through their own efforts, defendants later located six additional cases in which Dr. Birrer had testified. Three weeks after the deposition, and only thirty-nine days before trial, Trattler filed a supplemental disclosure listing a total of fourteen cases. However, Dr. Birrer provided no certification that the list was complete and accurate—nor could he, given that he had lost access to his calendar, and that he could not recall his prior testimonial history.

It is thus unclear to this day whether complete testimonial histories for these experts were ever provided. Dr. Schapira's final testimonial history omitted fifteen cases discovered through the defendants' independent research. Further, Dr. Birrer would never be able to certify a complete and accurate testimonial history, because he did not provide a full list during the time that he had access to his administrative calendar and because he was unable to reconstruct a complete list of cases from memory.

In my view, the trial court was acting within its discretion when it found that these nondisclosures warranted preclusion of the expert witnesses' testimony. The trial court found that based on "[t]he sheer volume of the testimony Dr. Schapira failed to disclose"—including over *a hundred cases* that were disclosed after the disclosure deadline—his conduct was "either willful or grossly negligent." The trial court concluded that the nondisclosure was not harmless, in that most of Dr. Schapira's cases were not disclosed until after his deposition, and that the offer of a second deposition only a few weeks before trial was an insufficient remedy. As

for Dr. Birrer, the trial court concluded that "[d]isclosing only half the cases where a witness has given deposition or trial testimony is not substantial compliance, and the lack of disclosure is not harmless" for the same reasons provided with regard to Dr. Schapira, and because Dr. Birrer was unable to certify that his list was complete. In addition, the court made an implicit finding of willfulness or gross negligence on the part of Dr. Birrer, stating:

> [He] attempted to excuse his failure to produce a complete list by claiming that he did not have access to his administrative calendar due to a change in employment. However, he was still at the employment where his administrative calendar was located on computer [sic] at the time of the original [disclosure] and the first supplemental disclosure.

The purposes of the Rule 26 requirements are "to enable opposing counsel to obtain prior testimony of the expert that may be relevant to the proposed testimony in the pending case and to enable a party to prepare for cross-examination at a deposition or a trial." *Svendsen*, 94 P.3d at 1207; *Carlson*, 58 P.3d at 1059. In particular, an expert's prior testimony can provide impeachment evidence, as well as information relevant to the expert's credibility and possible bias. Rule 26(a) is designed to prevent the discovering party from having to expend substantial time and resources to discover necessary information. *See, e.g., Svendsen*, 94 P.3d at 1207; *see also Todd*, 980 P.2d at 979 (stating that the purpose of Rule 37(c)(1) is to "reduce abuses of the system such as dilatory discovery tactics and inefficient trial preparation"). In this case, the defendants were able to uncover some, but not all, of the experts' prior testimony. The trial court was well within its discretion to preclude the experts, rather than requiring the defendants to expend additional time and money to investigate the experts' prior case history and take additional depositions concerning over a hundred undisclosed cases shortly before trial.

## II.

For the foregoing reasons, I would find that expert witness preclusion was an avail-

able sanction to the trial court, and that the court did not abuse its discretion in ordering such preclusion given the circumstances of the case. I therefore respectfully dissent from the majority's opinion.