Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
October 2, 2017

**2017 CO 94**

**No. 17SA62, <u>Catholic Health v. Swensson</u>—Expert Testimony—Discovery Sanctions.**

In this case, the supreme court considers whether an amendment to Colorado Rule of Civil Procedure 26(a)(2)(B) providing that expert testimony "shall be limited to matters disclosed in detail in the [expert] report," mandates the exclusion of expert testimony as a sanction when the underlying report fails to meet the requirements of Rule 26.  The court concludes this amendment did not create mandatory exclusion of expert testimony and that instead, the harm and proportionality analysis under Colorado Rule of Civil Procedure 37(c) remains the proper framework for determining sanctions for discovery violations. Accordingly, the court makes its rule to show cause absolute and remands for further proceedings.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2017 CO 94

**Supreme Court Case No. 17SA62**
*Original Proceeding Pursuant to C.A.R. 21*
Broomfield County District Court Case No. 16CV30055
Honorable Edward Charles Moss, Judge

**In Re:**

**Plaintiff:**

Catholic Health Initiatives Colorado d/b/a Centura Health – St. Anthony North Hospital,

v.

**Defendant:**

Earl Swensson Associates, Inc.

**Rule Made Absolute**
*en banc*
October 2, 2017

**Attorneys for Plaintiff:**
Marie E. Williams Law LLC
Marie E. Williams
 *Lakewood, Colorado*

Kutak Rock LLP
Tiffanie D. Stasiak
Michael E. Bonifazi
 *Denver, Colorado*

**Attorneys for Defendant:**
Cardi, Schulte & Ford, LLC
Timothy M. Schulte
Daniel V. Woodward
 *Denver, Colorado*

**JUSTICE BOATRIGHT** delivered the Opinion of the Court.

¶1 In 2015, this court amended Colorado Rule of Civil Procedure 26(a)(2)(B) to provide that expert testimony "shall be limited to matters disclosed in detail in the [expert] report." In this case, the trial court concluded that this amendment mandates the exclusion of expert testimony as a sanction when the underlying report fails to meet the requirements of Rule 26. We conclude that the amendment created no such rule of automatic exclusion. Instead, we hold that the harm and proportionality analysis under Colorado Rule of Civil Procedure 37(c) remains the proper framework for determining sanctions for discovery violations. Because the trial court here did not apply Rule 37(c), we make our rule to show cause absolute and remand for further proceedings.

## I. Facts and Procedural History

¶2 In March 2016, Catholic Health filed suit against architectural firm Earl Swensson Associates ("ESA") after ESA designed Catholic Health's new hospital, Saint Anthony North Health Campus ("Saint Anthony"). Catholic Health alleged that ESA breached its contract and was professionally negligent by failing to design Saint Anthony such that it could have a separately licensed and certified Ambulatory Surgery Center ("ASC").

¶3 In December 2016, Catholic Health filed its first expert disclosures, endorsing Bruce LePage and two others. Catholic Health described LePage as an expert with extensive experience in all aspects of preconstruction services such as cost modeling, systems studies, constructability, cost studies, subcontractor solicitation, detailed planning, client relations, and communications in hospital and other large construction projects. Catholic Health endorsed LePage to testify about the cost of adding an ASC to

Saint Anthony. LePage's expert report estimated that it would cost $11 million to "repair" the hospital. ESA then filed its own expert report, which opined that LePage's estimates were insufficiently detailed and, as such, unreasonable and unverifiable.

¶4 On March 6, 2017—the deadline to file pre-trial motions and thirty-five days before the trial was to begin—ESA filed a motion to strike Catholic Health's designation of LePage as an expert, arguing that his report failed to meet the requirements of Rule 26(a)(2)(B)(I). Specifically, ESA argued that LePage's report "fail[ed] to identify the information, facts, or assumptions on which he based his opinions, or the documents or other information that he considered." At a hearing on the motion, ESA argued that the lack of detail in LePage's report prevented ESA from being able to effectively cross-examine him. ESA further argued that striking LePage as an expert was the proper remedy because Rule 26(a)(2)(B)(I) limits expert testimony to opinions that comply with the Rule, and LePage offered no opinions in compliance.

¶5 In response, Catholic Health argued that the basis for LePage's opinion was his experience, which did not need to be included in the expert report or supplemented by a specific breakdown of cost estimates. Catholic Health also argued that, if LePage's report was insufficient, Rule 37(c) governed sanctions for these types of discovery violations. Specifically, Catholic Health contended that striking LePage, its only damages expert, would essentially end the case, and that such a drastic sanction was inappropriate under Rule 37(c)(1), as Catholic Health had not blatantly disregarded the rules, engaged in subterfuge, or made an untimely disclosure.

¶6 The trial court agreed with ESA and found that LePage's report included "bare numbers with little explanation" and lacked sufficient detail as to the basis for his opinions, meaning it did not comply with the requirements of Rule 26(a)(2)(B)(I). When determining the remedy, the trial court noted that it approached the issue with "trepidation" because Rule 26 had been recently amended. The court explained that the amendment to Rule 26 added a provision saying that expert testimony shall be limited to what is disclosed in detail in the expert's report. As such, the court decided to exclude LePage's expert report from evidence and to preclude LePage from testifying. The trial court explained that it believed Rule 26(a)(2)(B)(I) to be controlling on the question and that it did not consider Rule 37(c)(1) in its analysis.

¶7 Catholic Health then requested a continuance to amend and supplement LePage's expert report. After the trial court denied that request, Catholic Health filed a petition under C.A.R. 21, and we issued a rule to show cause. We chose to exercise our original jurisdiction under C.A.R. 21 because the improper exclusion of an expert witness would significantly prejudice Catholic Health by preventing any evidence of damages.

## II. Standard of Review

¶8 We review a trial court's imposition of sanctions for discovery violations for an abuse of discretion. St. Jude's Co. v. Roaring Fork Club, L.L.C., 2015 CO 51, ¶ 39, 351 P.3d 442, 454. A trial court abuses its discretion when its ruling is manifestly arbitrary, unreasonable, or unfair, or based on a misapprehension of the law. See id.; Battle

4

North, LLC v. Sensible Housing Co., 2015 COA 83, ¶ 17, 370 P.3d 238, 245. We interpret rules of procedure de novo. Garrigan v. Bowen, 243 P.3d 231, 235 (Colo. 2010).

### III. Applicable Law and Analysis

¶9 To explain the relationship between Rule 26(a)(2)(B)(I) and Rule 37(c)(1) after the 2015 amendments to each of those rules, we first examine their text and then look to applicable jurisprudence and the comments that accompany the rules. Against this backdrop, we conclude that Rule 37(c)(1) remains the controlling authority for determining sanctions for Rule 26 discovery violations, and that the trial court erred by not conducting the harm and proportionality analysis required by Rule 37(c)(1).

¶10 Rule 26(a)(2)(B)(I) defines the disclosure requirements for expert testimony. It requires that experts provide, among other things, a written report including all opinions that the expert intends to express at trial and all data or information upon which the expert based his or her opinion. Before 2015, this subsection concluded: "In addition, if a report is issued by the expert it shall be provided." C.R.C.P. 26(a)(2)(B)(I) (2014) (repealed 2015). In 2015, we amended the rule by deleting that phrase and replacing it with the following: "The witness's direct testimony shall be limited to matters disclosed in detail in the report."[1] C.R.C.P. 26(a)(2)(B)(I). In other words, the rule now requires an expert to prepare and disclose a report.

¶11 Rule 37(c)(1) works in conjunction with Rule 26 to authorize the trial court to sanction a party for failing to comply with discovery requirements, including those

---

[1] The other 2015 amendments to Rule 26(a)(2)(B)(I) slightly altered the Rule's exact requirements for an expert report; those changes are not relevant to the question we address today.

5

found in Rule 26(a). This rule was also amended in 2015. Before the 2015 amendments, Rule 37(c)(1) provided that a party who failed to disclose information required by Rule 26(a) without substantial justification may not present that undisclosed evidence "unless such failure is harmless." C.R.C.P. 37(c)(1) (2014) (repealed 2015). It also provided that "[i]n addition to or in lieu of this sanction, the court, on motion after affording an opportunity to be heard, may impose other appropriate sanctions." Id. Now, Rule 37(c)(1) provides that if a party lacks substantial justification for failing to disclose the information required by Rule 26(a), that party may not present the undisclosed evidence at trial unless the non-disclosure "has not caused and will not cause significant harm" to the opposing party, "or such preclusion is disproportionate" to any harm caused. C.R.C.P. 37(c)(1). For clarity, the rule was amended as follows:

> (c) Failure to Disclose; False or Misleading Disclosure; Refusal to Admit. (1) A party that without substantial justification fails to disclose information required by C.R.C.P. ~~Rules~~ 26(a) or 26(e) shall not~~, unless such failure is harmless,~~ be permitted to present any evidence not so disclosed at trial or on a motion made pursuant to C.R.C.P. 56<u>, unless such failure has not caused and will not cause significant harm, or such preclusion is disproportionate to that harm.</u> ~~In addition to or in lieu of this sanction, the court, on motion after affording an opportunity to be heard, may impose other appropriate sanctions, which, in addition to requiring payment of reasonable expenses including attorney fees caused by the failure, may include any of the actions authorized pursuant to subsections (b)(2)(A), (b)(2)(B), and (b)(2)(C) of this Rule.~~ <u>The court, after holding a hearing if requested, may impose any other sanction proportionate to the harm, including any of the sanctions authorized in subsections (b)(2)(A), (b)(2)(B) and (b)(2)(C) of this Rule, and the payment of reasonable expenses including attorney fees caused by the failure.</u>

6

Id. Both before and after being amended, Rule 37(c)(1)'s framework is flexible, not absolute, and the trial court has the discretion to fashion an appropriate sanction proportionate to any harm caused. See id.

¶12 Prior to the 2015 amendments, we clarified that Rule 37(c)(1) authorizes preclusion of undisclosed evidence under Rule 26(a) unless that sanction is not appropriate. Trattler v. Citron, 182 P.3d 674, 680 (Colo. 2008). When preclusion is inappropriate, the trial court should consider alternative sanctions. Id. In other words, when a party failed to disclose evidence as required by Rule 26(a), Rule 37(c)(1) was not an automatic rule of exclusion; rather, a trial court was required to examine the harm caused by the non-disclosure and to weigh the proportionality of any sanction it imposed. See id. at 680–82.

¶13 The 2015 amendment of Rule 26(a)(2)(B)(I) did not change this fundamental relationship between Rule 26(a) and Rule 37(c). By its plain text, Rule 37(c)(1) remains the enforcement mechanism for imposing sanctions for a "fail[ure] to disclose information required by [Rule] 26(a)." C.R.C.P. 37(c)(1). While, as the trial court noted, Rule 26(a)(2)(B)(I) does say that an expert's direct testimony "shall be limited," Rule 37(c)(1) still requires the trial court to assess the harm and determine the appropriate proportional sanction. Nothing in the text of amended Rule 26(a) altered this established scheme to create a rule of automatic exclusion.

¶14 In fact, a comment to Rule 26 addresses the amendment and emphasizes that "[r]easonableness and the overarching goal of a fair resolution of disputes are the touchstones." C.R.C.P. 26 cmt. 21. An automatic rule of exclusion is inconsistent with

7

that stated goal. Further, a comment accompanying the 2015 amendment of Rule 37 states: "Rule 37(c) is amended to reduce the likelihood of preclusion of previously undisclosed evidence . . . ." C.R.C.P. 37 cmt. 4. Again, interpreting the language in Rule 26(a)(2)(B)(I) to automatically exclude evidence because of non-disclosure would conflict with the stated goal of the amendment to Rule 37.

¶15 Accordingly, we hold that the harm and proportionality analysis under Colorado Rule of Civil Procedure 37(c)(1) remains the proper framework for determining sanctions for discovery violations. See, e.g., Todd v. Bear Valley Vill. Apartments, 980 P.2d 973, 978 (Colo. 1999) (laying out factors for the court to consider in its Rule 37(c)(1) analysis). As such, the trial court misapprehended the law and abused its discretion in excluding LePage as an expert without conducting the Rule 37(c)(1) harm and proportionality analysis.

## IV. Conclusion

¶16 We conclude that Rule 37(c)(1)'s harm and proportionality analysis remains the analytical framework for the imposition of sanctions for discovery violations and that the trial court erred in not applying that analysis. We thus make our rule to show cause absolute and remand the case for the trial court to apply Rule 37(c)(1).